

FEDERAL COMMUNICATIONS COMMISSION
WASHINGTON, DC 20554

Brendan Carr
Chairman

February 11, 2025

Mr. Brian Roberts
CEO
Comcast Corporation
1701 John F. Kennedy Boulevard
Philadelphia, PA 19103

**RE: Comcast and NBCUniversal's Promotion of DEI**

Dear Mr. Roberts,

I am writing to inform you that I have asked the FCC's Enforcement Bureau to open an investigation into Comcast and NBCUniversal. In particular, I want to ensure that your companies are not promoting invidious forms of discrimination in violation of FCC regulations and civil rights laws.

As you know, the Communications Act and Commission rules prohibit regulated entities—like Comcast and NBCUniversal—from discriminating on the basis of race, color, religion, national origin, age, or gender.[1] Indeed, the FCC's longstanding Equal Employment Opportunity or EEO rules set forth specific requirements that both Comcast and NBCUniversal must adhere to.

Nonetheless, I am concerned that Comcast and NBCUniversal may be promoting invidious forms of DEI in a manner that does not comply with FCC regulations. For instance, Comcast states on its website that promoting DEI is "a core value of our business" and public reports state that Comcast has an entire "DEI infrastructure" that includes annual "DEI day[s]," "DEI training for company leaders," and similar initiatives. NBCUniversal has similar DEI initiatives, including executives specifically dedicated to promoting DEI across the TV and programming side of the business.

But promoting invidious forms of discrimination cannot be squared with any reasonable interpretation of federal law. It can only deprive Americans of their rights to fair and equal treatment under the law.

Despite the emergence of DEI initiatives in recent years, these forms of discrimination have long been condemned by America's civil rights laws. Indeed, the Supreme Court has stated that "'[d]istinctions between citizens solely because of their ancestry are by their very nature odious

---

[1] *See, e.g.*, 47 U.S.C. § 151; *see also* 47 CFR §§ 25.601, 90.168, 73.2080(a), 76.73.

to a free people whose institutions are founded upon the doctrine of equality.'"[2] Likewise, the Supreme Court has written that racial classifications "threaten to stigmatize individuals by reason of their membership in a racial group and to incite racial hostility."[3] For this reason, the Supreme Court has stated that, in the government context, "action based on race—a group classification long recognized as in most circumstances irrelevant and therefore prohibited—should be subjected to detailed judicial inquiry to ensure that the personal right to equal protection of the laws has not been infringed."[4]

President Trump took quick and decisive action to root out the scourge of DEI. In his first week in office, President Trump issued an Executive Order that will end the radical and wasteful DEI programs that have spread across the federal government.[5] Likewise, President Trump issued an Executive Order to end illegal discrimination and restore merit-based opportunity across the private sector.[6] In that latter Executive Order, President Trump wrote that illegal DEI policies "undermine our national unity, as they deny, discredit, and undermine the traditional American values of hard work, excellence, and individual achievement in favor of an unlawful, corrosive, and pernicious identity-based spoils system." President Trump's Executive Order also tasked federal agencies with combatting illegal private-sector DEI preferences, mandates, policies, programs, and activities.

At my direction, the FCC has already taken action to end its own promotion of DEI.[7] As a next step, the FCC will be taking fresh action to ensure that every entity the FCC regulates complies with the civil rights protections enshrined in the Communications Act and the agency's EEO rules, including by shutting down any programs that promote invidious forms of DEI discrimination.

I am starting this broader effort with Comcast and NBCUniversal for two reasons. First, as noted above, there is substantial evidence that your companies are still engaging in the promotion of DEI. Second, your companies cover a range of sectors regulated by the FCC—from cable to high-speed Internet and from broadcast TV stations to MVNO wireless offerings. Therefore, I expect that this investigation into Comcast and its NBCUniversal operations will aid the Commission's broader efforts to root out invidious forms of DEI discrimination across all of the sectors the FCC regulates.

---

[2] *Rice v. Cayetano*, 528 U.S. 495, 517 (2000) (quoting *Hirabayashi v. United States*, 320 U.S. 81, 100 (1943)); *see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181 (2023).

[3] *Shaw v. Reno*, 509 U.S. 630, 643 (1993).

[4] *Adarand Constructors Inc. v. Pena*, 515 U.S. 200, 227 (1995) (cleaned up).

[5] Executive Order on Ending Radical and Wasteful Government DEI Programs and Preferencing (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/ending-radical-and-wasteful-government-dei-programs-and-preferencing/.

[6] Executive Order on Ending Illegal Discrimination and Restoring Merit-Based Opportunity (Jan 21, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/ending-illegal-discrimination-and-restoring-merit-based-opportunity/.

[7] *See, e.g.*, Statement of FCC Chairman Carr, *Chairman Carr Ends FCC's Promotion of DEI* (Jan. 21, 2025), https://docs.fcc.gov/public/attachments/DOC-409054A1.pdf.

As Chairman of the FCC, it is important to me that the entities the Commission regulates fully adhere to the FCC's rules and regulations.  In order to aid the FCC's investigation into these matters, please provide the FCC's Enforcement Bureau with an accounting of Comcast's and NBCUniversal's DEI initiatives, preferences, mandates, policies, programs, and activities—including DEI activities that are ongoing but may be operating today under different labels.  The FCC's Enforcement Bureau will be following up with more specifics.

Thank you in advance for your cooperation and attention to these important matters.

    Sincerely,

    Brendan Carr