# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 25-cv-333 (ABA) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY PENDING APPEAL**

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 62, Defendants respectfully move[1] for a stay pending resolution of the appeal of this Court's Memorandum Opinion and Order, ECF Nos. 44 & 45, which preliminarily enjoin "Defendants other than the President, and other persons who are in active concert or participation with Defendants," on a nationwide basis from implementing and enforcing certain provisions in Executive Order No. 14151 and Executive Order No. 14173. *See* ECF No. 45 at 3.[2]

As outlined in Defendants' Opposition to Plaintiffs' Motion, Defendants are likely to succeed on the merits in this case. The equities similarly weigh in favor of stay given that the injunction, among other things, intrudes on the Executive's authority to enforce the law by prohibiting Defendants from following the President's directive to effectuate antidiscrimination laws. At the very least, Defendants respectfully request that the Court stay the nationwide application of the injunction pending resolution of the appeal.

Defendants respectfully request a ruling by close of business on February 27, 2025. After that time, if relief has not been granted, Defendants intend to seek relief from the United States Court of Appeals for the Fourth Circuit.

## ARGUMENT

The Court must consider four factors in assessing a motion for stay pending appeal: (1) the

---

[1] In Defendants' Opposition to Plaintiffs' Motion, Defendants requested a stay of any injunctive relief pending appeal. *See* ECF No. 35, at 30. Given the fact that the Court did not stay its injunction pending appeal, *see* ECF Nos. 44 & 45, Defendants assume the Court has denied their request. But out of an abundance of caution, and to ensure compliance with Federal Rule of Appellate Procedure 8(a)(1)(A), Defendants reiterate their request in this independent motion.

[2] On February 25, 2025, Defendants' counsel conferred with Plaintiffs' counsel regarding the instant Motion via email. Plaintiffs' counsel stated that Plaintiffs oppose Defendants' Motion.

movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

For the reasons outlined in Defendants' Opposition to Plaintiffs' Motion, Defendants maintain that Defendants are likely to prevail on the merits on appeal. *See* ECF No. 35, at 5–22. Defendants incorporate their previously filed Opposition to Plaintiffs' Motion by reference. *See id*.

The remaining factors—irreparable harm, the balance of harms, and the public interest—likewise favor the requested stay. Plaintiffs' allegations of irreparable harm are purely speculative. *See id.* at 22–26. By contrast, the injunction threatens irreparable injuries to the Government and the public, whose interests "merge" in this context. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court's injunction improperly intrudes on intra-executive policy implementation by enjoining the President's policy directives to federal agencies. *See Building & Construction Trades Department, AFL-CIO v. Allbaugh*, 295 F.3d 28, 32 (D.C. Cir. 2002) (explaining that the Take Care Clause in Article II "ordinarily allows and frequently requires the President to provide guidance and supervision to his subordinates" and that executive "officers are [thus] duty-bound to give effect to the policies embodied in the President's direction, to the extent allowed by the law"). Moreover, the injunction improperly impedes a dozen federal agencies from implementing the President's stated priority of enforcing the antidiscrimination laws consistent with those agencies' legal authority. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) ("Any time [the Government] is enjoined by a court from effectuating [laws], it suffers a form of irreparable injury.") (Roberts, C.J., in chambers).

At a minimum, this Court should stay the nationwide application of the injunction. Under Article III, "a plaintiff's remedy must be 'limited to the inadequacy that produced his injury.'" *Gill v. Whitford*, 585 U.S. 48, 66 (2018) (alteration omitted); *see Lewis v. Casey*, 518 U.S. 343, 360 (1996) (narrowing an injunction that improperly granted "a remedy beyond what was necessary to provide relief" to the injured parties). Similarly, traditional principles of equity require that an injunction be "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Universal injunctions granting relief to nonparties depart from this historical tradition: "[C]ourts of equity" historically "did not provide relief beyond the parties to the case." *Trump v. Hawaii*, 585 U.S. 667, 717 (2018) (Thomas, J., concurring).

The Supreme Court recently reiterated the problems posed by nationwide injunctions in granting a stay in *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921 (2024). There, the district court had issued a preliminary injunction prohibiting the defendant from enforcing a state law against parties and nonparties, and the court of appeals denied a stay pending appeal. The Supreme Court stayed the district court's order "except as to" the specific plaintiffs. *Id.* at 921. That stay was premised on five Justices' conclusion that universal injunctions providing relief beyond the parties to the case are likely impermissible. *Id.* at 927 (Gorsuch, J., concurring in the grant of stay)(emphasizing that "[l]ower courts would be wise to take heed"); *id.* at 933 n.4 (Kavanaugh, J., concurring in the grant of stay). These principles apply with full force here. As such, Defendants respectfully request that the Court, at a minimum, stay its nationwide preliminary injunction except as to the present Plaintiffs, their members, and their specific grants and contracts.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Opposition to

Plaintiffs' Motion, Defendants respectfully request that this Court stay its preliminary injunction pending resolution of the appeal. In the alternative, and at a minimum, Defendants request that this Court stay the nationwide application of the injunction. Defendants respectfully request a ruling on this motion no later than the close of business on February 27, 2025, after which time, if relief has not been granted, Defendants intend to seek relief from the Fourth Circuit.

Respectfully submitted,

ERIC HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director


*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*