IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>Donald J. Trump, in his official capacity as President of the United States, et al.,<br><br>      Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO CLARIFY PRELIMINARY INJUNCTION ORDER**

## **TABLE OF CONTENTS**

Page

FACTS ...................................................................................................................................1

LEGAL STANDARD.............................................................................................................3

ARGUMENT..........................................................................................................................4

I.   The PI Order, on its face, enjoins non-named agencies in "active concert or participation" with Defendants. ......................................................................................................................4

II.   Non-named agencies suffer no prejudice and have been on notice regarding the reach of the PI Order..................................................................................................................................6

III.   The Court has jurisdiction to clarify its PI Order despite the pending appeal. .........................9

CONCLUSION.......................................................................................................................9

Plaintiffs move the Court to clarify the reach of the preliminary injunction order it issued on February 21, ECF No. 45 ("PI Order"). Counsel for the government informed Plaintiffs that it believes the PI Order applies only to those agencies who were named as Defendants in the Complaint. *See* Decl. of Ananda V. Burra ("Burra Decl."), Ex. B (DOJ Email). Unlike the Government, Plaintiffs believe the PI Order enjoins every federal agency that is in "active concert or participation" with the twenty-three named Defendants. Of note, the Department of Justice ("DOJ"), the Office of Management and Budget ("OMB"), and President Trump are all named Defendants. Every executive branch agency[1] is in "active concert or participation" with the President and these two agencies in implementing his anti-DEIA Executive Orders ("EOs").[2] Executive branch agencies, even those not named as Defendants, were on notice that the Court's order reached them, including through actual notice to DOJ and its counsel of record in this matter. Even more, Plaintiffs referred to the actions of several non-named agencies in their papers and the Court referred to their implementation of the EOs in the opinion accompanying the PI Order. Because the federal government and non-named agencies have been on notice, they will suffer no prejudice if the Court's Order is clarified to extend to them. Plaintiffs conferred with counsel for Defendants via email and were informed that the government intends to oppose Plaintiffs' motion.

**FACTS**

Plaintiffs filed their Complaint on February 3, less than two weeks after the challenged Orders were issued and before the sheer scale of their effects were clear. Between filing the

---

[1] Plaintiffs refer to "agencies" for the sake of convenience, but their understanding is that the PI Order extends to all subdivisions of the executive branch that report to the President and were ordered by him, DOJ, or OMB to enforce the January 20 and January 21 Executive Orders.

[2] Exec. Order 14,151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8330 (Jan. 29, 2025) (the "J20 Order"), and Exec. Order 14,173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, 90 Fed. Reg. 8633 (Jan. 31, 2025) (the "J21 Order") (collectively the "EOs" or the "Orders").

complaint and moving for the Temporary Restraining Order and/or Preliminary Injunction on February 13, Plaintiffs learned that several agencies, both named as Defendants and not, were enforcing the Orders and causing direct harm to Plaintiffs and others similarly situated. Plaintiffs submitted proof of these actions along with their motion and their reply in further support of that motion. *See* ECF Nos. 27-14, 27-16, 27-17, 27-18, 27-21, 27-22, 39-5, and 39-8 to 39-14. Plaintiffs subsequently drew the Court's attention to continued enforcement of the Orders by non-named agency AmeriCorps. *See* Pls. Notice of Correction and Suppl. Facts, ECF No. 43. The Court entered its PI Order on February 21. Since then, Plaintiffs have heard of several agencies, especially agencies not named as Defendants, continuing to terminate grants and enforce certification requirements despite the Court's PI Order. On February 25, Plaintiffs sought clarity from DOJ about the steps it had taken to ensure compliance with the PI Order. Burra Decl., Ex. A (Plaintiffs' Email). They were informed that DOJ had only circulated notice of the PI Order to named agencies and did not believe the Order extended to other agencies. *See* Burra Decl., Ex. B (DOJ Email). In parallel, Plaintiffs learned that terminations were picking up pace. On Tuesday, February 25, the U.S. Department of Agriculture—a named Defendant—reportedly cancelled a federal tree planting grant, apparently on the basis of "equity" and "diversity" related language in the grant (including, it appears, references to "tree equity" and "biodiversity"). *See* Karl Schneider, *Indianapolis program killed by federal government sought diversity ... among trees*, IndyStar (Feb. 26, 2025), https://tinyurl.com/5bwesb8d. On Wednesday, February 26, the Department of Housing and Urban Development (HUD)—a non-named agency—appears to have moved to cancel large numbers of contracts on the basis that the federal government did not agree with the DEI-related content in contractual counterparties' public social media postings. *See* Josh Kovensky, *DOGE Cites 'DEI,' LinkedIn Profiles It Doesn't Like in Killing Off HUD Contracts*,

2

Talking Points Memo, https://tinyurl.com/4nd5n7vj. Plaintiffs notified DOJ that they intended to seek clarification from the Court on the scope of the PI Order and were asked to identify instances of violations of the PI Order, but DOJ provide no clarity on who it believes is covered by the PI Order. Burra Decl., Ex. C (Email Correspondence). In light of DOJ's statement that it did not read the PI Order to cover non-named agencies, and the immediate and substantial harm Plaintiffs and others like them are suffering at the hands of non-named agencies, Plaintiffs move to clarify the Court's order and seek expedited briefing on their motion.[3]

## LEGAL STANDARD

A non-party to a preliminary injunction is bound if it is "identified with [the defendants] in interest, in 'privity' with them, represented by them or subject to their control." *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 179 (1973) (quoting *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945)); *Cal. Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 483 (9th Cir. 2022) (same); *De Simone v. VSL Pharms., Inc.*, No. CV TDC-15-1356, 2021 WL 3023021, at *3 (D. Md. July 16, 2021) (same). "In general 'there is privity between officers of the same government.'" *Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, 38 F.4th 34, 57 n.18 (9th Cir. 2022) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940)). "As the Supreme Court has explained, the purpose of this rule is to prevent defendants from 'nullify[ing] a decree by carrying out prohibited acts through aiders and abettors.'" *K.C. ex rel. Afr. H. v. Shipman*, 716 F.3d 107, 115-16 (4th Cir. 2013) (quoting *Regal Knitwear Co.,* 324 U.S. at 14) (holding that a contracted agent of an enjoined party is covered by "active concert and participation").

---

[3] If the Court denies Plaintiffs' motion, Plaintiffs will seek to amend the complaint to expressly name additional federal agencies as Defendants. Plaintiffs believe that path would not be in the interests of judicial economy, especially given the plain language of the Court's PI Order.

3

**ARGUMENT**

I. **The PI Order, on its face, enjoins non-named agencies in "active concert or participation" with Defendants.**

The plain text of the PI Order bars named and non-named agencies alike from enforcing the J20 Order and J21 Order. "The starting point for interpreting a court order is the plain meaning of the text." *Adem v. Bush*, No. CIV.A. 05-723 RWR AK, 2006 WL 1193853, at *4 (D.D.C. Apr. 28, 2006); *see also Glymph v. D.C.*, No. 01-CV-1333 (GMH), 2018 WL 10715454, at *6 (D.D.C. Apr. 17, 2018) (collecting cases). The PI Order defines the "Enjoined Parties" as all "Defendants other than the President, and other persons who are in active concert or participation with Defendants." PI Order ¶ 3. This language, modeled on Federal Rule of Civil Procedure 65(d), is "derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co.*, 324 U.S. at 13. There can be little doubt that non-named agencies are "in active concert or participation with Defendants," *id.*, or otherwise are "in 'privity' with them, represented by them or subject to their control." *Golden State Bottling Co.*, 414 U.S. at 179.

The general rule is that "there is privity between officers of the same government,'" *Nat. Res. Def. Council*, 38 F.4th at 57 n.18, and there is no reason to depart from that principle here.

*First,* because the executive branch has insisted that no agency may diverge from the law as interpreted by DOJ—a Defendant and Enjoined Party—all agencies are definitionally acting in concert with DOJ when they enforce the President's Orders. In another recent Executive Order intended to "ensure Presidential supervision and control of the entire executive branch," the President directed that the "President and the Attorney General, subject to the President's supervision and control, shall provide authoritative interpretations of law for the executive branch"

4

and that such "opinions on questions of law are controlling on all employees in the conduct of their official duties." Executive Order, *Ensuring Accountability for All Agencies* (Feb. 18, 2025) §§ 1, 7, https://tinyurl.com/56cmbwmt. Under that order, only the President and the Attorney General may issue authoritative interpretations of law, and a fact sheet released by the White House explained that the order clarified that the "President and the Attorney General (subject to the President's supervision and control) will interpret the law for the executive branch, instead of having separate agencies adopt conflicting interpretations." White House, *Fact Sheet: President Donald J. Trump Reins in Independent Agencies to Restore a Government that Answers to the American People* (Feb. 18, 2025), https://tinyurl.com/mvecnrkw. If there was any doubt about the scope of the February 18 Executive Order, the President asked his White House Staff Secretary to explain that it "reestablishes the long-standing norm that only the president or the attorney general can speak for the United States when stating an opinion as to what the law is." Will Scharf, White House Staff Secretary, *Remarks by President Trump After Executive Order Signing* (Feb. 18, 2025), https://tinyurl.com/33ddya3z. Therefore, non-named agencies would also be required to stop enforcing the Termination, Certification, and Enforcement provisions of the EOs in the same way the Attorney General and DOJ are enjoined from enforcing those provisions.

*Second*, all agencies are directed by the terms of the J20 Order and J21 Order to act in concert with DOJ, the Attorney General, the Office of Management and Budget (OMB), and the Director of the OMB—all named Defendants and all Enjoined Parties.[4] The J20 Order requires that "[e]ach agency, department, or commission head, in consultation with the Attorney General, the Director of OMB, and the Director of OPM, as appropriate, shall" enforce the provisions of that Executive Order that have now been enjoined. J20 Order § 2(b). The J21 Order requires that

---

[4] President Trump is a named Defendant but is not an "Enjoined Party."

the "Director of the Office of Management and Budget (OMB), with the assistance of the Attorney General as requested, shall" review the federal government's compliance with President Trump's wish to "[r]eview and revise" "all Government-wide processes." J21 Order § 3(c). The "Enforcement Threat Provision" of the J21 Order similarly requires "the Attorney General, within 120 days of this order, in consultation with the heads of relevant agencies and in coordination with the Director of OMB," to prepare a strategic plan to "deter" DEI programs. J21 Order § 4(b)(3). In other words, all federal agencies are required by the enjoined provisions in the Orders to consult with and act at the direction of named Defendants: DOJ, the Attorney General, the OMB, and its Director. Thus, to the extent any agency implements the Orders, it does so "in active concert or participation with" named Defendants.

## II. Non-named agencies suffer no prejudice and have been on notice regarding the reach of the PI Order.

Regardless of whether they were explicitly named, all federal agencies had sufficient notice of the preliminary injunction and will suffer no prejudice if the Court grants this motion. *At a minimum*, these agencies have "actual knowledge" of the PI Order as of February 27, 2025, because Plaintiffs' counsel had several non-named agencies served through their agency counsel's offices and/or email, Burra Decl. ¶¶ 5, 6, after learning of DOJ's position that it did "not intend to instruct non-defendant agencies to comply with the Order." Burra Decl., Ex. B (DOJ Email).

But even without that service to non-named agencies, it is sufficient that DOJ—both a named Defendant and Enjoined Party—had "actual notice" of the PI Order through its counsel of record in this matter. Defendants cannot artificially narrow the scope of the PI Order by refusing to directly inform non-named agency clients of the PI Order's existence. To permit this would frustrate the purpose of the rule, which is to ensure that "defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the

6

original proceeding." *Regal Knitwear Co.*, 324 U.S. at 14. Accordingly, the Court's "inherent power to vindicate its authority" should not be "inflexibly bound by procedural niceties." *United States v. Wilson*, No. 89-5193, 1990 WL 101609, at *2 (4th Cir. 1990).

The Court can also impute DOJ's knowledge to non-named agencies because DOJ acts as their counsel. *See, e.g.*, 28 U.S.C. § 516 ("conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice"). Courts routinely impute knowledge to clients in other contexts. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) ("[E]ach party . . . is considered to have notice of all facts, notice of which can be charged upon the attorney." (cleaned up)); *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 303 (4th Cir 2017) (in context of bankruptcy filing, "notice to the attorney is notice to the client"); *Mansfield v. Anesthesia Associates, Ltd.*, 1:07cv941 (JCC), 2008 WL 4463622, at *9 (E.D. Va. Oct. 1, 2008) (in context of "newly discovered evidence" under Fed. R. Civ. P. 60(b), "[a] party is considered to have notice of all facts of which his attorney has notice").

In fact, the Federal Rules of Civil Procedure state that federal agencies cannot complain of a lack of notice for the purpose of becoming defendants in a lawsuit through amendment, when "process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2). The same principle—"that timely notice to the AUSA who represented the originally named officers is sufficient to protect the interest of" those federal agencies that were not previously listed as Defendants—applies to notice and an opportunity to defend in this case. *Montgomery v. Johnson*, No. 7:05CV00131, 2008 WL 4452465, at *5 (W.D. Va. Sept. 27, 2008).

Non-named agencies were long on notice about the PI Order's scope, and especially that

7

Plaintiffs and the Court believed that non-named agencies' actions were reflective of the executive branch's interpretation and enforcement of the Orders. For instance, Plaintiffs submitted evidence of enforcement of the Orders by AmeriCorps, the Federal Communications Commission, and the National Endowment of the Arts as part of their motion for a preliminary injunction and the reply thereto. *See* ECF Nos. 39-8 to 39-14. None of these three agencies are named Defendants in this lawsuit as originally filed. The Court subsequently cited these agencies' actions in explaining its rationale for granting the PI Order, including by mentioning non-Defendant agencies by name. PI Opinion at 13 (FCC and NEA), 22-25 (AmeriCorps), ECF No. 44. There is no indication that DOJ has any arguments regarding non-named agencies that it could not have brought—and did not bring—regarding named agencies.

Finally, the scope of relief should extend to all similarly situated federal agencies to prevent "confusion about which companies or providers are subject to a rule and which are not"—a result that would contradict this Court's instruction that "instead, a court order must be clear and definite." *Ass'n of Cmty. Cancer Ctrs. v. Azar*, 509 F. Supp. 3d 482, 504 (D. Md. 2020); *see also* PI Opinion at 61-62 ("[T]he Termination and Enforcement Threat Provisions are unconstitutionally vague as to all contractors and grantees who are subject to them, and the Certification and Enforcement Threat Provisions are content- and viewpoint-based restrictions that chill speech as to anyone the government might conceivably choose to accuse of engaging in speech about 'equity' or 'diversity' or 'DEI,' or the other topics the J20 and J21 Orders cite—or as the Attorney General cites, for example, 'unconscious bias,' 'cultural sensitivity' or 'inclusive leadership.'"). If some agencies were allowed to further cancel grants, require certifications, and threaten enforcement against private entities, even if others were enjoined, that would leave the relief the Court granted illusory, as the chilling effects of the EOs would persist.

**III.    The Court has jurisdiction to clarify its PI Order despite the pending appeal.**

Although as a general rule "[t]he filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (internal quotation marks omitted), this Court "does not lose jurisdiction to proceed as to matters in aid of the appeal," *Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (4th Cir. 2001). By ruling on Plaintiffs' motion to clarify, this Court will "aid[] in this appeal by relieving" the Fourth Circuit from "considering the substance of an issue" that is purely the result of uncertainty generated by the parties. *Id.*; *see also Am. Coll. of Obstetricians & Gynecologists on behalf of Council of Univ. Chairs of Obstetrics & Gynecology v. U.S. Food & Drug Admin.*, No. CV TDC-20-1320, 2020 WL 8167535, at *1 (D. Md. Aug. 19, 2020) (holding that the "in aid of appeal" exception is applicable to motions to "clarify" the scope of preliminary injunctions while an appeal is pending).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to clarify that the Preliminary Injunction Order encompasses all federal agencies that were ordered by the President and other enjoined Defendants to enforce his Orders.

Respectfully submitted,

| | |
|---|---|
| | /s/ *Ananda V. Burra* |
| Niyati Shah* | Ananda V. Burra (Bar No. 31438) |
| Noah Baron* | Aleshadye Getachew (Bar No. 31439) |
| Alizeh Ahmad* | Victoria S. Nugent (Bar No. 15039) |
| **Asian Americans Advancing Justice \|** | Audrey Wiggins* |
| **AAJC** | Brooke Menschel* |
| 1620 L Street NW, Suite 1050 | J. Sterling Moore* |
| Washington, DC 20036 | Orlando Economos* |
| (202) 296-2300 | Skye Perryman* |
| nshah@advancingjustice-aajc.org | **Democracy Forward Foundation** |
| nbaron@advancingjustice-aajc.org | P.O. Box 34553 |
| aahmad@advancingjustice-aajc.org | Washington, D.C. 20043 |

9

(202) 448-9090
agetachew@democracyforward.org
vnugent@democracyforward.org
aburra@democracyforward.org
awiggins@democracyforward.org
bmenschel@democracyforward.org
smoore@democracyforward.org
oeconomos@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically on February 27, 2025, to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                   /s/    *Ananda V. Burra*
                                                    Ananda V. Burra
                                                    Counsel for Plaintiffs