IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

## **TABLE OF CONTENTS**

Page
INTRODUCTION .................................................................................................................................1
ARGUMENT .......................................................................................................................................1
I.    Defendants Are Not Entitled to the Extraordinary Relief of a Stay Pending Appeal ..............1
        A.    Defendants Are Not Likely to Succeed on the Merits ...........................................2
        B.    Defendants Suffer No Irreparable Harm by Being Enjoined from Enforcing the Unconstitutional Provisions ................................................................................3
        C.    Plaintiffs Will Be Harmed Substantially by the Stay.............................................5
        D.    This Court Should Not Limit the Scope of the Injunction.....................................6
CONCLUSION.....................................................................................................................................8

**INTRODUCTION**

Defendants are not entitled to a stay because each of the factors for consideration of a stay weighs in Plaintiffs' favor. This Court's February 21, 2025 Preliminary Injunction Memorandum Opinion and Order, ECF Nos. 44 & 45, protects people nationwide whose rights are jeopardized by Executive Orders Nos. 14151 ("J20 Order") and 14173 ("J21 Order"). The preliminary injunction order ensures that Plaintiffs, and similarly situated entities and individuals, do not lose their Congressionally appropriated federal funding based on the Termination Provision and are not required to chill their free speech rights due to the vague Certification and Enforcement Threat Provisions.

Defendants have not identified any errors in this Court's analysis or any reason for the Court to reverse its position that the preliminary injunction is necessary to prevent irreparable harm. The balance of equities favors maintaining the preliminary injunction in full force. Additionally, contrary to Defendants' claims, this Court's injunction does not impede the Executive's enforcement authority because, as this Court concluded, the purported exercise of any executive authority at issue here by agencies is at odds with constitutional constraints.

Plaintiffs respectfully request that the Court deny the Defendants' Motion for a Stay Pending Appeal.

**ARGUMENT**

**I.  Defendants Are Not Entitled to the Extraordinary Relief of a Stay Pending Appeal**

Defendants are not entitled to the "extraordinary remedy" of a stay pending appeal of this Court's injunction. *Nken v. Holder*, 556 U.S. 418, 428 (2009). The party seeking such a stay bears the burden of demonstrating: (1) likelihood of success on the merits of the appeal; (2) irreparable harm if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that granting the stay serves the public interest. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir.

1970). A court determines whether to grant a stay pending appeal through "a balancing of the factors." *Id*. at 981. "Ordinarily, dissolution or modification of an existing preliminary injunction is proper only when there has been a change of circumstances between the entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Am. Coll. of Obstetricians & Gynecologists v. United States Food & Drug Admin*., 506 F. Supp. 3d 328, 338 (D. Md. 2020) (cleaned up). "The grant or denial of preliminary relief is reviewed for abuse of discretion" by the Court of Appeals and "the burden of persuasion on the moving party is substantially greater than it was before the trial judge, unless some evidence or statistics relevant to the effects of the order was not available at the time the trial judge made his or her decision, which will then prompt the appellate judge to not give weight to the trial judge's decision." *Van Wagner v. Atlas Tri-State SPE, LLC*, No. 3:11-CV-75, 2011 WL 10621664, at *5 (N.D.W. Va. Nov. 1, 2011) (cleaned up); *see also Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), *as amended* (Jan. 14, 2020) ("Abuse of discretion is a deferential standard, and we may not reverse so long as the district court's account of the evidence is plausible in light of the record viewed in its entirety.") (cleaned up). Defendants have not identified any such "evidence or statistics relevant to the effects of the order;" they have not even tried to do so. This Court balanced the equities and correctly found it necessary to preliminarily enjoin enforcement. Defendants have not identified any basis to suggest the Court of Appeals would find this Court's decision was an abuse of discretion. This Court's decision to grant the preliminary injunction was correct when initially entered, remains correct now, and should remain in effect.

### A. Defendants Are Not Likely to Succeed on the Merits

It is not enough that the chance of success on the merits be "better than negligible." *Nken*, 556 U.S. at 434. Moving parties must make a *strong* showing that they are likely to succeed on the merits to justify a stay. *Id.* Defendants' failure to do so "is fatal to [their] motion for a stay pending

appeal." *United States v. Kotzev*, No. 1:18-CV-1409, 2022 WL 706949, at *3 (E.D. Va. Mar. 9, 2022) (citing *Long*, 432 F.2d 977, 979 (4th Cir. 1970); *see also Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) ("[T]he movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors [for a stay] exist."). It is not sufficient to make "precisely those" arguments for the stay that failed on the merits of the preliminary injunction. *Casa de Maryland, Inc. v. Trump*, No. PWG-19-2715, 2019 WL 7565389, at *2 (D. Md. Nov. 14, 2019).

In fact, Defendants make little effort to carry their burden here: they do nothing more than point this Court to the arguments raised in their Opposition to Plaintiffs' Motion at 3, ECF No. 48-1, which this Court already rejected in its comprehensive, thorough, and well-reasoned Memorandum Opinion assessing Plaintiffs' claims and their likelihood of success on the merits. ECF No. 44, at 27-55. Defendants' arguments also fail for the reasons articulated in Plaintiffs' briefing. TRO/PI Br., ECF No. 27-1, and Reply to Defs.' Opp'n to TRO/PI Br., ECF No. 39.

### B. Defendants Suffer No Irreparable Harm by Being Enjoined from Enforcing the Unconstitutional Provisions

Defendants cannot establish that either they or the public will suffer irreparable harm if the injunction remains in place for the duration of the appeal. Irreparable harm occurs only when the threatened injury impairs a court's ability to later grant an effective remedy. *See Hawaii v. Trump*, 859 F.3d 741, 782 (9th Cir. 2017), *vacated and remanded on other grounds*, 583 U.S. 941 (2017); *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948.1 (3d ed. 1998). The injury must be likely, not merely speculative, to be considered irreparable. *Id.* § 2948.1.

Those conditions do not exist here; to the contrary, the government can never "suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127,

3

1145 (9th Cir. 2013); *Texas v. Biden*, 10 F.4th 538, 558 (5th Cir. 2021) ("[T]he Government cannot claim an irreparable injury from being enjoined against an action that it has no statutory authorization to take."). Indeed, the Court explained that "the government is free to promulgate regulations, take litigating positions, propose legislation, or any number of other steps," but those actions must be "consistent with statutes and the Constitution." ECF No. 45 at 59.

The "core problem" is that the challenged provisions violate "core constitutional protections," *id.* at 59-60, and therefore the preliminary injunction cannot be said to harm Defendants. The challenged provisions manifest this administration's commitment to restricting, if not silencing, individuals and institutions whose viewpoints do not align with its political beliefs. That is a "blatant" and "egregious" brand of content discrimination that is unequivocally unconstitutional. *Id.* at 3 (citing *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)). Nevertheless, Defendants claim injury will befall them if they are not permitted to enforce such patently unconstitutional restrictions. Not so. While the President wields "supervisory and policy responsibilities of utmost discretion and sensitivity," the President is still bound by "the general provisions of the Constitution." ECF No. 45 at 3. The Executive's duty is to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. But this duty does not extend to enforcing laws that are unconstitutional. *See e.g.*, *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). There can be no improper impediment or injury to the Executive's authority where the actions exceed its constitutional authority.

Because Defendants cannot show harm, they attempt to conflate their purported injury with the public interest.[1] Without merit, they imply that enforcement of the unconstitutional provisions

---

[1] The Court likewise rejected Defendants' contention that the public interest in "eradicating discrimination," is somehow furthered by the challenged provisions. *See* ECF No. 45 at 59.

4

is in the public interest. Defs.' Mot. to Stay at 3, ECF No. 48-1. However, "it is always in the public interest for unconstitutional laws to be prohibited from future enforcement." *Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 689 F. Supp. 3d 203, 210 (E.D. Va. 2023).

### C. Plaintiffs Will Be Harmed Substantially by the Stay

By contrast, the irreparable harms Plaintiffs have suffered are not "purely speculative." *See* ECF No. 44, at 55-58 ("The Court agrees that Plaintiffs have adequately shown a sufficient likelihood of irreparable harm."). These threatened injuries "'easily outweigh[ ] whatever burden the injunction may impose,' because the government 'is in no way harmed by issuance of an injunction that prevents the [government] from enforcing unconstitutional restrictions.'" *Chase v. Town of Ocean City*, 825 F. Supp. 2d 599, 616 (D. Md. 2011) (quoting *Legend Night Club v. Miller*, 637 F.3d 291, 302-03 (4th Cir. 2011)).

For the reasons the Court outlined, and Plaintiffs' papers set forth, the challenged orders are unconstitutional; permitting enforcement of the challenged provisions would therefore inflict irreparable harm on the Plaintiffs—including by violating Plaintiffs' First Amendment rights. Indeed, any "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Chase*, 825 F. Supp. 2d at 616 (quoting *Miller*, 637 F.3d at 302-03, and *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also* ECF No. 45 at 55 ("A 'prospect of an unconstitutional enforcement "supplies the necessary irreparable injury"'" (quoting *Air Evac. EMS, Inc. v. McVey*, 37 F.4th 89, 103 (4th Cir. 2023))).

As this Court explained, Plaintiffs' "speech has been and will continue to be chilled in light of the Challenged Orders based both on actions currently being taken by Defendants and based on

---

Defendants failed to explain how the "government's interest in immediately imposing a new, not-yet promulgated interpretation of what it considers 'eradicating discrimination' outweighs the merits of Plaintiffs' claims and irreparable harm they are suffering." *Id.* Defendants have not even attempted to do so in their motion for a stay.

Plaintiffs' reasonable fears." ECF No. 45 at 27. Many of NADOHE's members have already had contracts with universities terminated, Ex. 19, NADOHE Decl. ¶ 33, ECF No. 27-23, while other members have been forced to stop core activities for reasonable fear of adverse consequences from federal agencies, *id.* ¶ 29. And at least one of NADOHE's institutional members reasonably fears that it will be both penalized for protected speech and targeted for investigation. *Id.* ¶ 31. Neither Defendants nor the public suffer any harm, let alone irreparable harm, from this Court's timely injunction of the challenged orders' unconstitutional provisions. AAUP's members similarly fear running afoul of the Challenged Orders and put their institutions at risk of facing consequences under the Enforcement Threat Provision. Ex. 20, AAUP Decl. ¶ 31, ECF No. 27-24. Lastly, Baltimore has already received a letter from the U.S. Department of Health and Human Services that demanded it "immediately terminate" all activities "promoting 'diversity, equity, and inclusion'" "that are supported with funds from [a CDC] award" in light of the Orders. ECF No. 45 at 22 (citing Ex. 9 at 2, ECF No. 27-13). Baltimore has also received directives from AmeriCorps requesting certification and directing the City to terminate any noncompliant services or forgo essential funding. *Id.* at 22-23; *see also* Balt. Suppl. Decl. ¶ 4-8, 11, ECF No. 39-4; Ex. 28 at 2, ECF No. 39-10. These injuries, among others alleged in Plaintiffs' Complaint, are hardly speculative as there are no plausible circumstances under the Challenged Orders that would allow them to exercise their First Amendment rights without fear of retribution from the government. *Cf. Harris v. McDonnell*, 988 F. Supp. 2d 603, 613 n.5 (W.D. Va. 2013) (finding claimed injury was not speculative or hypothetical when there were no circumstances under existing law which would allow plaintiffs to avoid injury). Defendants have shown no reason to question that finding by this Court in their motion for a stay pending appeal.

    D.  **This Court Should Not Limit the Scope of the Injunction**

This Court properly determined that the injunction should apply to similarly situated non-

parties. ECF No. 44 at 60 ("The relevant question is whether, in light of the claims and Plaintiffs' showing of likelihood of success on the merits, including similarly situated non-parties within the scope of an injunction would be appropriate. Here, Plaintiffs have made that showing."). Defendants point this Court to the Supreme Court's stay in *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921 (2024), for support for its claim that this Court should "stay nationwide application of the injunction." ECF No. 48-1, at 4. *Labrador* is inapposite. There, the district court "prohibited the defendants from enforcing 'any provision' of the law under any circumstances during the life of the parties' litigation," including "other provisions of Idaho's law that d[idn]'t presently affect [plaintiffs]." *Labrador*, 144 S. Ct. at 922-24 (Gorsuch, J., concurring). This Court, in contrast, left all aspects of the relevant Challenged Orders intact, except for those provisions challenged by Plaintiffs and for which Plaintiffs identified specific irreparable harm.

Furthermore, as this Court rightly concluded, this case is on all fours with the Fourth Circuit's decision in *HIAS, Inc. v. Trump*, 985 F.3d 309 (4th Cir. 2021). ECF No. 44 at 61 ("Analogous circumstances [to *HIAS*] apply here, where . . . , the Termination and Enforcement Threat Provisions are unconstitutionally vague as to *all* contractors and grantees who are subject to them, and the Certification and Enforcement Threat Provisions are content- and viewpoint-based restrictions that chill speech as to anyone the government might conceivably choose to accuse of engaging in speech about 'equity' or 'diversity' or 'DEI,' or the other topics the J20 and J21 Orders cite—or as the Attorney General cites, for example, 'unconscious bias,' 'cultural sensitivity' or 'inclusive leadership.'"). Defendants make no effort to distinguish this case from the Fourth Circuit's controlling precedent in *HIAS*. They cannot claim a high likelihood of success on the merits on appeal when they have not meaningfully distinguished what the Fourth Circuit has already held the law to be.

7

Accordingly, this Court should not stay the injunction pending resolution on appeal, either as to Plaintiffs or as to non-parties, or otherwise limit the scope of the injunction.

## CONCLUSION

For the foregoing reason, Plaintiffs respectfully request that this Court deny Defendants' motion to stay the preliminary injunction.

Respectfully submitted,

| | |
|---|---|
| | /s/ Ananda V. Burra |
| Niyati Shah* | Ananda V. Burra (Bar No. 31438) |
| Noah Baron* | Aleshadye Getachew (Bar No. 31439) |
| Alizeh Ahmad* | Victoria S. Nugent (Bar No. 15039) |
| **Asian Americans Advancing Justice \| AAJC** | Audrey Wiggins* |
| | Brooke Menschel* |
| 1620 L Street NW, Suite 1050 | J. Sterling Moore* |
| Washington, DC 20036 (202) 296-2300 | Orlando Economos* |
| nshah@advancingjustice-aajc.org | Skye Perryman* |
| nbaron@advancingjustice-aajc.org | **Democracy Forward Foundation** |
| aahmad@advancingjustice-aajc.org | P.O. Box 34553 |
| | Washington, D.C. 20043 |
| | (202) 448-9090 |
| | agetachew@democracyforward.org |
| | vnugent@democracyforward.org |
| | aburra@democracyforward.org |
| | awiggins@democracyforward.org |
| | bmenschel@democracyforward.org |
| | smoore@democracyforward.org |
| | oeconomos@democracyforward.org |
| | sperryman@democracyforward.org |
| | |
| | * admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically on February 27, 2025, to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ananda V. Burra
Ananda V. Burra
Counsel for Plaintiffs