IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>Donald J. Trump, in his official capacity as President of the United States, et al.,<br><br>　　Defendants. | Case No. 25-cv-333 (ABA) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CLARIFICATION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

I.      Plaintiffs' broad reading of the injunction is inconsistent with Rule 65(d) ........................3

      a.      Non-defendant agencies are not in "active concert or participation" with defendant agencies ...............................................................................................4

      b.      Non-defendant agencies are not in privity with defendant agencies ......................7

II.     Plaintiffs' broad reading of the injunction is inconsistent with Article III .......................10

III.    Plaintiffs' broad reading of the injunction is inconsistent with traditional principles of equity and the principles underlying preliminary injunctive relief..............11

CONCLUSION...................................................................................................................12

**INTRODUCTION**

On February 21, 2025, this Court enjoined "Defendants other than the President, and other persons who are in active concert or participation with Defendants" from implementing three provisions contained in two Executive Orders (EOs), addressing diversity, equity, and inclusion (DEI) programs that violate federal civil rights laws. *See* ECF No. 45 (Order), 3. The three provisions are: (1) the Termination Provision, which directs that within 60 days of its issuance, "[e]ach agency, department, or commission head, in consultation with the Attorney General, the Director of OMB, and the Director of OPM … [shall] terminate, to the maximum extent allowed by law, … 'equity-related' grants or contracts," Executive Order 14,151, 90 FR 8339, *Ending Radical and Wasteful Government DEI Program and Preferencing*, § 2(b)(i) (Jan. 20, 2025) (J20); (2) the Certification Requirement, which provides that "[t]he head of each agency shall include in every contract or grant award … [a] term requiring such counterparty or recipient to certify that it does not operate any programs promoting DEI that violate any applicable Federal anti-discrimination laws," Executive Order 14,173, 90 FR 8633, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, § 3(b)(iv)(B) (Jan. 21, 2025) (J21); and, (3) the Investigation Provision, which directs the Attorney General, in consultation with federal agencies, to write a report that will identify "[t]he most egregious and discriminatory DEI practitioners" and outline a plan of action to "deter DEI programs or principles … that constitute illegal discrimination or preferences," including through "[l]itigation," "[p]otential regulatory action and sub-regulatory guidance," and "[o]ther strategies." *Id*. § 4(b).

By its own terms, and in accord with Federal Rule of Civil Procedure 65(d), which governs preliminary injunctions, the Court's injunction prohibits defendant agencies from violating the injunction and further prevents non-defendant agencies from acting "in active concert or

1

participation" with defendant agencies to violate the injunction. Order, 3.

But Plaintiffs want much more. They claim that the injunction's coverage of those "in active concert or participation" with the enjoined defendants—the precise language of Rule 65(d)(2)(C)—actually binds the *entirety* of the Executive Branch. *See* ECF No. 50-1 (Motion), 1.

The injunction does not provide such a broad remedy. Plaintiffs' reading is inconsistent with Rule 65(d)(2)(C)'s "active concert or participation" language, which applies an aiding-and-abetting standard—i.e., it prevents an enjoined defendant from avoiding an injunction indirectly by using a non-defendant to do what it could not do itself. Nor is Plaintiffs' reading supported by the privity theory, which only extends the injunction to non-parties that are successors in interest to, or under the control of, an enjoined party. The sought injunction is also inconsistent with Article III because it would bind non-defendants against whom Plaintiffs lack standing and over whom the Court lacks jurisdiction. Lastly, the sought injunction would be inconsistent with equitable principles that counsel against remedies far broader than necessary to remedy the alleged harms at issue in the present suit. At bottom, Plaintiffs request an expansion—not a clarification—of this Court's injunction. Because Defendants have filed their Notice of Appeal of the Court's injunction, *see* ECF No. 47, this Court lacks jurisdiction to grant Plaintiffs' request to expand its injunction.

## ARGUMENT

Defendants' Notice of Appeal of this Court's injunction "'divests the district court of its control over those aspects of the case involved in the appeal.'" *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025) (quoting *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023)). As such, this Court lacks jurisdiction to expand its injunction to non-defendant agencies. Yet, Plaintiffs request that the Court do just that under the guise of a clarification motion. According to Plaintiffs, the Court need only "clarify" the scope of its

injunction, which in their view already covers the entire Executive Branch through its application to other persons who are "in active concert or participation with Defendants." Motion, 4–6. This expansive reading is inconsistent with the text of the injunction, which reflects the limitations on an injunction's reach to nonparties based on Rule 65(d), Article III, and traditional principles of equity.

I.   **Plaintiffs' broad reading of the injunction is inconsistent with Rule 65(d).**

The preliminary injunction covers "Defendants other than the President, and other persons who are in active concert or participation with Defendants." Order, 3. This language mirrors that in FED. R. CIV. P. 65(d)(2) (the injunction "bind[s] only … (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [(A) and (B)]"). Thus, the injunction rightly cabins its scope pursuant to "the requirements of Rule 65(d)[, which] are mandatory and must be observed in every instance." *Thomas v. Brock*, 810 F.2d 448, 450 (4th Cir. 1987) (citation and quotation omitted); *see also* 11A Charles Alan Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2955 (3d ed.) ("[S]ince the language employed in Rule 65(d) strongly suggests that only those acts specified by the order will be treated as within its scope and that no conduct or action will be prohibited by implication, all omissions or ambiguities in the order will be resolved in favor of any person charged with contempt.").

Pursuant to Rule 65(d) and its underpinning common-law doctrine, an injunction can bind two categories of nonparties: those (1) "in active concert or participation" or (2) "in privity" with the enjoined defendants. *See Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 848 (7th Cir. 2010); *see also Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1,

3

9 (D.C. Cir. 2015). Non-defendant agencies do not fall under either category.

      *a. Non-defendant agencies are not in "active concert or participation" with defendant agencies.*

Plaintiffs' main argument relies on the injunction's reference to those "who are in active concert or participation with Defendants," which comes from Rule 65(d)(2)(C). Plaintiffs advance two theories in support of their proposition that all federal agencies act "in active concert or participation" with the enjoined defendants. First, they argue that because under Executive Order 14,215, 90 FR 10447, *Ensuring Accountability for All Agencies* (Feb. 18, 2025) (Accountability EO), only the President and the Attorney General may issue authoritative interpretations of laws, "all agencies are definitionally acting in concert with [the Department of Justice (DOJ)] when they enforce the President's Orders." Motion, 4. Second, they argue that any agency that implements the EOs' directive necessarily works in "active concert or participation" with four enjoined defendants—namely, DOJ, the Attorney General, Office of Management and Budget (OMB), and the OMB Director—because the EOs direct federal agencies to "consult" these four defendants in implementing several aspects of the EOs. *See* Motion, 5–6.

Plaintiffs' argument suffers from a fatal flaw: the phrase "active concert or participation," as used in Rule 65(d)(2)(C), has been analyzed under an aiding-and-abetting standard. *See K.C. ex rel. Afr. H. v. Shipman*, 716 F.3d 107, 115 (4th Cir. 2013) (explaining that Rule 65(d) ensures that a defendant cannot "nullify[] a decree by carrying out prohibited acts through aiders and abettors" (citation omitted)); *see also Future Motion, Inc. v. Lai*, 2025 WL 265818, at *1 (D. Or. Jan. 7, 2025) ("Courts typically interpret 'active concert or participation' to mean 'aiding and abetting.'"). Pursuant to this aiding-and-abetting standard, a non-defendant agency "acts 'in active concert or participation'" with a defendant agency if it "aids and abets [the defendant agency's] violation of the injunction." *Havens v. James*, 76 F.4th 103, 116 (2d Cir. 2023). In other words, "[t]he enjoined

4

[defendant-agency] must, in essence, be the principal or the intended beneficiary of the [non-defendant agency]'s conduct." *Id.* at 113. This makes sense: an enjoined party cannot use a third-party to accomplish what *itself* could not do directly.

Interpreting the phrase "active concert or participation" as covering the entire Executive Branch makes little sense within this aiding-and-abetting framework. While Plaintiffs argue that under the Accountability EO, the Attorney General interprets the law, they don't explain how that satisfies the aiding-and-abetting theory with respect to the enjoined provisions—nor could they. The EOs do not mandate that the Attorney General approve or veto terminations, certifications, or enforcement authorities. *See* J20 § 2(b)(i), J21 § 3(b)(iv)(B), *id.* § 4(b). Moreover, non-defendant agencies do not "aid" the Attorney General in violating the injunction when they terminate or include a Certification Requirement in any of *their own* contracts/grants or bring any enforcement action pursuant to their own independent enforcement authority—even if the Attorney General has general authority to interpret the law. And the implicit suggestion that all agencies act under the control of the Attorney General even when they execute their own legal authorities finds no support in the caselaw or common sense.

Plaintiffs' reliance on the EOs' references to "consultation" with OMB and DOJ is similarly detached from Rule 65(d)'s aiding-and-abetting standard. For starters, with respect to the Certification Requirement, the EO does not direct federal agencies to consult DOJ, OMB, or any other enjoined defendant. *See* J21 § 3(b)(iv)(B). And, although the Termination Provision provides for such consultation "if appropriate," it does not require that non-defendant agencies seek approval from OMB and DOJ before terminating any particular contract or grant. *See* J20 § 2(b)(i). Besides, regardless of any such consultation, Plaintiffs do not even suggest (let alone establish) that non-defendant agencies terminate their own contracts/grants to principally benefit DOJ or

OMB or do so subject to DOJ or OMB's control. Lastly, with respect to the Investigation Provision, the Court did not enjoin the Attorney General (or any federal agency) from identifying "'[a] plan of specific steps or measures to deter DEI programs or principles . . . that constitute illegal discrimination or preferences.'" ECF No. 44, 50 n.13 (quoting J21 Order § 4(b)(iii)).

In short, Plaintiffs' interpretation of the phrase "active concert or participation" has no basis in Rule 65(d)'s well-established aiding-and-abetting standard. This becomes even more clear in light of Plaintiffs' allegation that the Department of Housing and Urban Development (HUD), a non-defendant agency, violated the injunction when it moved to cancel "DEI-related" contracts following the Court's injunction. Motion, 2. In making this argument, Plaintiffs do not allege that HUD did so to "aid" any enjoined defendant in violating the injunction. In fact, Plaintiffs do not even allege that any enjoined defendant had anything to do with HUD's actions. *Cf. Havens*, 76 F.4th at 112 ("Under an aiding-and-abetting theory, a court must first conclude that 'the party subject to the court's mandate committed contempt.'" (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)).[1]

Lastly, to the extent that Plaintiffs advance a maximalist reading that "[e]very executive branch agency is 'in active concert or participation' with the President … in implementing his [EOs]," *see* Motion, 1, that is a nonstarter. The President is not an enjoined defendant, *see* Order, 3,[2] and Rule 65(d) only binds those in "active concert or participation" with the enjoined

---

[1] Plaintiffs also allege that on "February 25, the U.S. Department of Agriculture—a named Defendant—reportedly cancelled a federal tree planting grant, apparently on the basis of 'equity' and 'diversity' related language in the grant (including, it appears, references to 'tree equity' and 'biodiversity)." Motion, 2. Plaintiffs did not bring this to Defendants' attention prior to filing their Motion for Clarification. Defendants are investigating this matter and will take any necessary action to ensure compliance.

[2] Indeed, Plaintiffs specifically declined to seek injunctive relief against the President. *See* ECF No. 27-3.

defendants. *See* FED. R. CIV. P. 65(d)(2) (an injunction "bind only … (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [(A) and (B)]"). After all, the Rule is designed to capture persons within the control of an *enjoined* party to prevent that enjoined party from skirting the injunction. *See Shipman*, 716 F.3d at 115. There is no authority for construing the Rule as enjoining persons controlled by a party that is not himself enjoined.[3]

Moreover, any injunction that would capture those "in active concert or participation" with the President would create an end-run around well-established precedent that prevents the federal judiciary from enjoining the President. *See Mississippi v. Johnson*, 71 U.S. 475, 499, 501 (1866). Separately, the logical extension of Plaintiffs' theory is extraordinary: a party can effectively enjoin the entire Executive Branch by simply naming the President as a defendant (while simultaneously disavowing any attempt to enjoin the President himself). There is no support in the caselaw for such a brazen shortcut to an injunction against the Executive Branch at large.

Thus, contrary to Plaintiffs' argument, and consistent with Rule 65(d)(2)(C), the Court's injunction against those who act in "active concert or participation" with defendant agencies does not cover all federal agencies.

    b. *Non-defendant agencies are not in privity with defendant agencies.*

Nor do Plaintiffs establish that non-defendant agencies are covered by the injunction

---

[3] The Court's Order enjoins "Defendants other than the President, and other persons who are in active concert or participation with Defendants (the 'Enjoined Parties')." Order, 3. In light of Plaintiffs' above statements, Defendants respectfully request that the Court clarify that the injunction covers "Defendants other than the President, and other persons who are in active concert or participation with Defendants other than the President (the 'Enjoined Parties')." Doing so would ensure consistency with Rule 65(d)(2)(C), which limits the reach of an injunction to those who are in active concert or participation with the enjoined defendants.

because they are in "privity" with defendant agencies.[4] To be in privity with a party, "the non-party must be so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (citation omitted). Despite Plaintiffs' attempt to minimize it, "privity" is a high bar, and is "ultimately bounded by due process, which starts from a presumption that each person has a right to her day in court." *Nat'l Spiritual Assembly*, 628 F.3d at 849 (citations omitted).

"The caselaw suggests that when it comes to injunctions, the concept of nonparty privity has at least two subcategories." *Id.* The first category "holds that an injunction will bind nonparty successors in interest to an enjoined party." *Id.* This category is plainly inapplicable here.

The second category looks to whether the "nonparty is otherwise 'legally identified' with the enjoined party." *Id*. This is a high bar, as "serious due process problems would arise if the … . nonparty were barred from her own day in court." *Tice v. Am. Airlines, Inc*., 162 F.3d 966, 971 (7th Cir. 1998). Accordingly, to satisfy the "legal identification" prong, "due process requires an extremely close identification" between the non-party and the defendant. *Nat'l Spiritual Assembly*, 628 F.3d at 854. This occurs, for example, when the non-party "completely controls [the defendant]," *Wash. Metro. Area Transit Comm'n*, 776 F.3d at 10, or is "so identified in interest

---

[4] Instead of making this argument in any meaningful way, Plaintiffs argue that non-defendant agencies "suffer no prejudice and have been on notice regarding the reach of the PI Order." Motion, 6. Putting aside the dubious assertion that over 400 non-defendant federal agencies and sub-agencies have had actual notice of this injunction, notice itself is not enough. *See* 11A Charles Alan Wright *et al*., FEDERAL PRACTICE AND PROCEDURE § 2956 (3d ed.) ("Even if it is established that the nonparty against whom the injunction is to be enforced had notice of it, the court must go further and determine whether the nonparty is in the requisite privity relationship with the enjoined party to justify enforcing the order against him."). And, of course, there is prejudice in subjecting agencies to court orders enforceable by contempt—and to impose compliance and other burdens on them—when Plaintiffs have not established standing (and thus this Court's jurisdiction) over them. *See infra* II.

with [the defendant] that [the defendant] represents precisely the same legal right in respect to the subject matter involved in the injunction." *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 30 (D.D.C. 2013); *Nat'l Spiritual Assembly*, 628 F.3d at 854 (analogizing "legal interest" test to the "piercing-the-corporate-veil doctrine").

Plaintiffs cannot show "privity" under the "complete control" theory either. Indeed, courts have repeatedly rejected attempts to imply that one agency has control over another for purposes of the Federal Rules such that the entire federal government could be considered one party. *See, e.g.*, *State of Texas v. Holder*, 2012 WL 13070110, at *3 (D.D.C. June 8, 2012) (three-judge panel) (DOJ lacked control over documents held by DOD, DHS, DOS, VA, and SSA, and the plaintiff should have served a Rule 45 subpoena for such documents instead of a document request directed to DOJ); *see also id.* at *2 n.1 ("Texas has failed to cite any authority for the proposition that, even if the United States is the real party in interest, an opposing party has the right to obtain without a Rule 45 subpoena any documents in the possession of any and all federal agencies, particularly where those agencies are not at all involved in the pending litigation."); *cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992) ("We need not linger over the dissent's facially impracticable suggestion . . . that one agency of the Government can acquire the power to direct other agencies by simply claiming that power in its own regulations and in litigation to which the other agencies are not parties.").

In a passing attempt to satisfy "privity," Plaintiffs cite to an out-of-circuit footnote for the broad proposition that "[i]n general there is privity between officers of the same government." Motion, 3 (quoting *Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, 38 F.4th 34, 57 n.18 (9th Cir.

9

2022)).[5] This footnote, however, does not do the heavy lifting Plaintiffs need it to. For starters, the *Nat. Res. Def. Council* quote is dicta as the court ultimately concluded that it need not decide whether it had the authority to bind non-defendant agencies. *See id.* (concluding that mootness can be avoided "[e]ven if [the court] could not bind the [non-defendant agencies]"). But regardless, the relevant discussion in *Nat. Res. Def. Council* concerned three deeply interconnected federal agencies—the Environmental Protection Agency, the U.S. Fish and Wildlife Service, and the National Marine Fisheries Service—working together on a common, statutorily mandated consultation scheme under the Endangered Species Act, 16 U.S.C. § 1536(a)(2). Even if the court had concluded that these three agencies are in privity in that unique context, that is a far cry from Plaintiffs' proclamation that over 400 federal agencies and sub-agencies are categorically in privity with one another.

Given the lack of privity, any injunction against non-defendant agencies would be improper as it would "make punishable the conduct of [agencies] who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945).

## II. Plaintiffs' broad reading of the injunction is inconsistent with Article III.

Moreover, Plaintiffs have not established Article III standing with respect to the vast majority of federal agencies; as such, this Court lacks jurisdiction to enjoin those agencies. After all, Plaintiffs do not allege that they have contracts or grants with every one of the 400 plus agencies and sub-agencies that they want this Court to enjoin. As the Supreme Court clarified this past Term, "for every defendant, there must be at least one plaintiff with standing to seek an injunction." *Murthy v. Missouri*, 144 S. Ct. 1972, 1988 (2024). In analyzing standing with respect

---

[5] Notably, *Nat. Res. Def. Council* itself quotes *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381 (1940), which analyzed privity for purposes of *res judicata*—not an injunction.

to each defendant, the court must not "treat[] the defendants … as a unified whole." *Id.* And yet, that is precisely what Plaintiffs urge this Court to do by enjoining hundreds of federal agencies and sub-agencies as one "unified whole." This Court should decline Plaintiffs' invitation to bind "nonparties who would [otherwise] not be bound by the judgment." *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023).

### III. Plaintiffs' broad reading of the injunction is inconsistent with traditional principles of equity and the principles underlying preliminary injunctive relief.

Lastly, Plaintiffs' request for an injunction against the entire Executive Branch is incompatible with traditional equitable principles applicable to preliminary injunctions and the "deep-rooted historic tradition that everyone should have his own day in court." *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008) (internal citation omitted). The limited purpose of a preliminary injunction "is merely to preserve the relative position *of the parties* until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added). Moreover, an injunction should not provide "a remedy beyond what [is] necessary to provide relief" to the injured parties. *Lewis v. Casey*, 518 U.S. 343, 360 (1996). Plaintiffs' sought injunction, however, goes far beyond that: it protects non-party plaintiffs from non-party defendants that act independently from enjoined defendants. Put simply, as Plaintiffs see it, because the Department of Labor is enjoined from taking any action against the City of Baltimore, the Federal Communications Commission must also be enjoined from taking any action against Comcast. *See* ECF No. 39-7. Such an injunction on "the world at large" is inconsistent with the "equitable principles" that govern injunctive relief. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (L. Hand, J.)). Contrary to Plaintiffs' view, in issuing an injunction, the Court "is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who

11

therefore can have their day in court." *Alemite*, 42 F.2d at 832–33.

## CONCLUSION

Defendants, of course, do not maintain that a non-defendant agency's conduct may *never* run afoul of this Court's injunction; rather, Defendants simply maintain that the application of the injunction to non-defendant agencies is limited to the extent that a non-defendant person is in "active concert or participation" with a defendant agency and aids and abets the defendant agency's violation of the injunction. This limitation is consistent with this Court's injunction, which reflects the limitations imposed by Rule 65(d), Article III, and traditional principles of equity. Plaintiffs' request to "clarify" a broader injunction is plainly a request to expand the original injunction currently on appeal before the Fourth Circuit. This Court lacks jurisdiction to grant Plaintiffs' request. And even if it had jurisdiction, it should reject Plaintiffs' remarkable and unsupported attempt to do so.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*
