IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ASSOCIATION OF
DIVERSITY OFFICERS IN HIGHER
EDUCATION, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*

Case No. 25-cv-0333-ABA

## MEMORANDUM OPINION

The Court entered a Preliminary Injunction on February 21, 2025. ECF No. 45. The Preliminary Injunction described the "Enjoined Parties" as "Defendants other than the President, and other persons who are in active concert or participation with Defendants." *Id.* ¶ 3. Defendants, as identified in Plaintiffs' complaint, are President Trump in his official capacity, the Office of Management and Budget, the Departments of Justice, Health and Human Services, Education, Labor, Interior, Commerce, Agriculture, Energy, and Transportation along with the heads of those agencies (in their official capacities), and the National Science Foundation.

Plaintiffs have filed a motion seeking "clarification" on whether the "Enjoined Parties" include federal executive agencies, departments, and commissions (and their subdivisions, agents, and officers) that are not named as defendants in this case. ECF No. 50-1 ("Clarification Motion") at 3. Defendants oppose the motion and argue that (1) the Court lacks jurisdiction to consider the Clarification Motion because Defendants have filed a notice of appeal; and (2) Plaintiffs' interpretation, or requested clarification, of the Preliminary Injunction is inconsistent with Federal Rule of Civil Procedure 65(d),

1

Article III of the U.S. Constitution, and traditional principles of equity and the principles underlying preliminary injunctive relief. *See* ECF No. 62.

For the reasons set forth below, the Court will grant the Clarification Motion. The Court clarifies, pursuant to Federal Rule of Civil Procedure 65(d)(2)(B), as follows and as set forth in the accompanying Clarified Preliminary Injunction (March 10, 2025) at paragraph 3:

> The Preliminary Injunction applies to and binds Defendants other than the President, as well as all other federal executive branch agencies, departments, and commissions, and their heads, officers, agents, and subdivisions directed pursuant to the J20 and J21 Orders (collectively, the "Enjoined Parties").

## I.    JURISDICTION

Generally, the timely filing of a notice of appeal transfers jurisdiction to the court of appeals and "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). An exception to this general rule is when the district court "take[s] action that aids the appellate process." *Pub. Citizen*, 749 F.3d at 258 (citing *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991)). Under this exception, a district court may modify an injunction to clarify it in order to "reliev[e] [the appellate court] from considering the substance of an issue begotten merely from imprecise wording in the injunction." *Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001).

In *Lytle*, while an appeal was pending, the district court replaced a reference to "the Commonwealth" to specify who was covered by the injunction (there, the Governor of the Commonwealth of Virginia, and the Norfolk Commonwealth Attorney). *Id.*

Similarly, in *Dixon v. Edwards*, the Fourth Circuit held that, while an appeal was pending, the district court could modify an injunction barring an individual from "officiat[ing] at religious services on or near the grounds" of a church by revising the order to specify that the individual was "permitted to conduct religious services at least 300 feet distant from the perimeter" of the church. 290 F.3d 699, 709 & n.14 (4th Cir. 2001).

Here, Plaintiffs do not request a substantive amendment to the Preliminary Injunction, but rather a clarification regarding which agencies are encompassed among "Enjoined Parties." The requested clarification is comparable to the modified orders in *Lytle* and *Dixon*. Further, as explained below, the Court's Memorandum Opinion that accompanied the Preliminary Injunction cited actions by agencies that were not named as defendants to explain the rationale for the Preliminary Injunction, and thus clarification is further justified, and serves to "aid[] the appellate process," *Pub. Citizen*, 749 F.3d at 258, "in light of a potential inconsistency between the language of the Preliminary Injunction and that of the accompanying Memorandum Opinion." *See Am. Coll. of Obstetricians and Gynecologists ex rel. Council of Univ. Chairs of Obstetrics & Gynecology v. U.S. Food & Drug Admin.*, No. 20-cv-1320-TDC, 2020 WL 8167535, at *1 (D. Md. Aug. 19, 2020). Therefore, this Court may rule on the Clarification Motion and clarify the terms of the Preliminary Injunction.[1]

---

[1] Because the clarified preliminary injunction replaces the "in active concert or participation" language from the February 21, 2025 order with clearer wording consistent with the Court's February 21, 2025 memorandum opinion, the Court need not reach the issues raised by the parties as to what would render a non-named federal executive agency "in active concert or participation" with a named Defendant.

## II.     CLARIFICATION

Plaintiffs' complaint challenges as facially unconstitutional three executive order provisions, set forth in the Preliminary Injunction and referred to therein as the Termination Provision, Certification Provision, and Enforcement Threat Provision. ECF No. 45 ¶ 2. As the Court explained in its February 21 Memorandum Opinion, those provisions run afoul of the free speech protections of the First Amendment, and the due process protections of the Fifth Amendment, and do so on their face. ECF No. 44 at 38-55.

Defendants acknowledge that the President was a named defendant in this case; that the Challenged Provisions were directives to all executive agencies, departments, and commissions; and that the Court has held that those directives are unconstitutional on their face. ECF No. 62 at 3. Nonetheless, Defendants argue that the Court should only preliminarily enjoin the actions of the specific departments, agencies and commissions that Plaintiffs named as *additional* defendants. *Id.* at 14. They argue that including other departments, agencies and commissions that are under the President's direction, and were in fact directed by the Challenged Provisions, is inconsistent with Article III's standing requirement because it would bind "nonparties who would [otherwise] not be bound by the judgment." *Id.* at 13 (citing *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023)). Defendants similarly argue that this kind of injunction is inconsistent with traditional principles of equity and preliminary injunctive relief. *Id.*

The Court has previously explained why this is the proper scope of an injunction given the claims, the nature of the challenged provisions, and the ways in which Plaintiffs have shown a likelihood that the provisions are facially unconstitutional. *See*

4

ECF No. 44 at 60-62; ECF No. 61 at 10. To reiterate and further explain, there are three principal reasons.

First, Plaintiffs have shown a likelihood of success on the merits that the Termination and Certification Provisions, and the Enforcement Threat Provision in part, on their face constitute unlawful content-based and viewpoint-discriminatory restrictions on speech in violation of the First Amendment, and on their face also run afoul of due process because of their vagueness. ECF No. 44 at 38-55; *see also* ECF No. 61 at 1-2 (order denying stay pending appeal). In particular, the Court held that Plaintiffs have shown a likelihood of success on the merits as follows:

- The Termination Provision, as to which Plaintiffs brought facial challenges under the Spending Clause (Count 1) and the Fifth Amendment (Count 2), "invites arbitrary and discriminatory enforcement" and "offers insufficient notice to current grantees about whether and how they can adapt their conduct to avoid termination of their grants or contracts," and in so doing facially violates the "'more stringent vagueness test'" that applies when a law "'interferes with the right of free speech or of association.'" ECF No. 44 at 38-39 (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)).

- The Certification Provision, as to which Plaintiffs brought facial challenges under the First Amendment (Count 5) and separation of powers (Count 6), "operates as a facially viewpoint-discriminatory order," "constitutes a content-based restriction on the speech rights of federal contractors and grantees . . . because such restriction expands to all of those contractors' and grantees work, whether funded by the government or not," and also "unconstitutionally

5

restricts, and retaliates against, contractors' and grantees' free speech rights even within the scope of the pertinent programs." *Id.* at 45 & 47-48.

- The Enforcement Threat Provision, as to which Plaintiffs brought facial challenges under the First Amendment (Count 4) and Fifth Amendment (Count 3), violates the First Amendment because it "threatens . . . enforcement actions" using "a content-based restriction on protected speech that would not pass the high bar of strict scrutiny" and further constitutes an "unlawful viewpoint-based restriction on protected speech." *Id.* at 50, 52. And it violates the Fifth Amendment because, among other things, while "rescind[ing] swaths of existing executive branch guidance on what the executive branch considers the federal civil rights laws to require, prohibit, or allow," it gives no "guidance on what the new administration considers to constitute 'illegal DEI discrimination and preferences,' J21 Order § 4(b)(iv), or '[p]romoting diversity,' *id.* § 3(b)(ii), or 'illegal DEI and DEIA policies,' *id.* § 1, or what types of 'DEI programs or principles' the new administration considers 'illegal' and is seeking to 'deter,' *id.* § 4(b)(iii)." *Id.* at 53-54.

Each of those ways in which Plaintiffs have shown that the Challenged Provisions are unconstitutional are deficiencies with those provisions on their face. Any executive agency, department or commission acting pursuant to the Challenged Provisions would be acting pursuant to an order that Plaintiffs have shown a strong likelihood of success in establishing is unconstitutional on its face.

Second, the Termination and Certification Provisions are directives the President issued to *all* executive agencies, departments and commissions, J20 Order § 2(a)(i); J21 Order § 3(b)(iv), and the Enforcement Threat Provision was an express directive by the

President to the Department of Justice. J21 Order § 4(b)(iii). Defendants named in Plaintiffs' complaint include the President in his official capacity. ECF No. 1 ¶ 22. The Preliminary Injunction—both original and as clarified—is tailored to the executive branch agencies, departments and commissions that were directed, and have acted or may act, pursuant to the President's directives in the Challenged Provisions of the J20 and J21 Orders. *See, e.g.*, *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 513-14 (2010) (holding that the President is responsible and accountable for executive agencies that are executing the laws); *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 203-204 (2020) (same).

Third, enjoining only the agencies that Plaintiffs specifically named, and ignoring the fact that the President (who issued the Challenged Provisions) is a named defendant, would fail to provide complete relief to Plaintiffs and their members themselves because, among other things, they are at risk of their speech being chilled by many non-named federal executive agencies, as Plaintiffs explain. ECF No. 65 at 13. Artificially limiting the preliminary injunction in the way Defendants propose also would make the termination status of a federal grant, or the requirement to certify compliance by a federal contractor, turn on which federal executive agency the grantee or contractor relies on for current or future federal funding—even though the agencies would be acting pursuant to the exact same Challenged Provisions—thereby "causing 'inequitable treatment' in an area in which uniformity is needed." *CASA, Inc. v. Maribel*, No. 25-1153, 2025 WL 654902, at *1 (4th Cir. Feb. 28, 2025) (quoting *Roe v. Dep't. of Defense*, 947 F.3d 207, 231-32 (4th Cir. 2020) and *HIAS, Inc. v. Trump*, 985 F.3d 309, 326-27 (4th Cir. 2021)).

## III. CONCLUSION

For these reasons and those previously articulated, the Court will issue a separate order clarifying that the Preliminary Injunction, consistent with the Court's reasoning in the February 21, 2025 Memorandum Opinion, applies as follows:

> The Preliminary Injunction applies to and binds Defendants other than the President, as well as all other federal executive branch agencies, departments, and commissions, and their heads, officers, agents, and subdivisions directed pursuant to the J20 and J21 Orders (collectively, the "Enjoined Parties").

Date:  March 10, 2025                             _____/s/_____
                                                  Adam B. Abelson
                                                  United States District Judge