IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION OF DIVERSITY OFFICERS IN HIGHER EDUCATION, *et al.*,<br><br>      *Plaintiffs*,<br><br>   v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>      *Defendants* | Case No. 1:25-cv-00333-ABA |

**CLARIFIED PRELIMINARY INJUNCTION (March 10, 2025)**[1]

Pursuant to Federal Rule of Civil Procedure 65, and upon consideration of the Motion for a Temporary Restraining Order and/or Preliminary Injunction filed by Plaintiffs National Association of Diversity Officers in Higher Education, the American Association of University Professors, Restaurant Opportunities Centers United, and the Mayor and City Council of Baltimore, Maryland (ECF No. 27) (the "Preliminary Injunction Motion"), Defendants' memorandum in opposition (ECF No. 35),[2] Plaintiffs' reply brief (ECF No. 39), and the exhibits to those submissions; having held a hearing on the Preliminary Injunction Motion on February 19, 2025; having also considered

---

[1] For the reasons set forth in the accompanying Memorandum Opinion, the Court is issuing this order to clarify the scope of the preliminary injunction issued on February 21, 2025 (ECF No. 45). The only clarified *operative* language appears in the definition of Enjoined Parties in paragraph 3.

[2] The Defendants named in this action are the Office of Management and Budget, the Departments of Justice, Health and Human Services, Education, Labor, Interior, Commerce, Agriculture, Energy, and Transportation along with the heads of those agencies (in their official capacities), the National Science Foundation, and President Trump in his official capacity.

1

Plaintiffs' Motion to Clarify Preliminary Injunction Order (ECF No. 50) ("Clarification Motion"), Defendants' response (ECF No. 62) and Plaintiffs' reply (ECF No. 65); and for the reasons set forth in the Court's Memorandum Opinion that accompanied the original Preliminary Injunction (ECF No. 44), and the additional reasons set forth in the Memorandum Opinion that accompanies this clarified Preliminary Injunction, it is hereby ORDERED as follows:

1. The Preliminary Injunction Motion is GRANTED IN PART and DENIED IN PART, and the Clarification Motion is GRANTED.

2. This Order addresses the following provisions in Exec. Order 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, Executive Order of January 20, 2025, 90 Fed. Reg. 8339 (Jan. 29, 2025) (the "J20 Order"), and Exec. Order 14173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, Executive Order of January 21, 2025, 90 Fed. Reg. 8633 (Jan. 31, 2025) ("J21 Order"):

> J20 Order § 2(b)(i) (in part) (the "**Termination Provision**"):
>
>> Each agency, department, or commission head, in consultation with the Attorney General, the Director of OMB, and the Director of OPM, as appropriate, shall take the following actions within sixty days of this order:
>>
>>> (i) terminate, to the maximum extent allowed by law, . . . all . . . "equity-related" grants or contracts[.]
>
> J21 Order § 3(b)(iv) (the "**Certification Provision**"):
>
>> The head of each agency shall include in every contract or grant award:
>>
>>> (A) A term requiring the contractual counterparty or grant recipient to agree that its compliance in all respects with

2

> all applicable Federal anti-discrimination laws is material to the government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code; and
>
> (B) A term requiring such counterparty or recipient to certify that it does not operate any programs promoting DEI that violate any applicable Federal anti-discrimination laws.

J21 Order § 4(b)(iii) (the "**Enforcement Threat Provision**"):

> To further inform and advise me so that my Administration may formulate appropriate and effective civil-rights policy, the Attorney General, within 120 days of this order, in consultation with the heads of relevant agencies and in coordination with the Director of OMB, shall submit a report to the Assistant to the President for Domestic Policy containing recommendations for enforcing Federal civil-rights laws and taking other appropriate measures to encourage the private sector to end illegal discrimination and preferences, including DEI. The report shall contain a proposed strategic enforcement plan identifying
>
>> . . . (iii) A plan of specific steps or measures to deter DEI programs or principles (whether specifically denominated 'DEI' or otherwise) that constitute illegal discrimination or preferences. As a part of this plan, each agency shall identify up to nine potential civil compliance investigations of publicly traded corporations, large non-profit corporations or associations, foundations with assets of 500 million dollars or more, State and local bar and medical associations, and institutions of higher education with endowments over 1 billion dollars.

3.   The Preliminary Injunction applies to and binds Defendants other than the President, as well as all other federal executive branch agencies, departments, and commissions, and their heads, officers, agents, and subdivisions directed pursuant to the J20 and J21 Orders (collectively, the "Enjoined Parties").

4. The Enjoined Parties shall not:

    a. pause, freeze, impede, block, cancel, or terminate any awards, contracts or obligations ("Current Obligations"), or change the terms of any Current Obligation, on the basis of the Termination Provision;

    b. require any grantee or contractor to make any "certification" or other representation pursuant to the Certification Provision; or

    c. bring any False Claims Act enforcement action, or other enforcement action, pursuant to the Enforcement Threat Provision, including but not limited to any False Claims Act enforcement action premised on any certification made pursuant to the Certification Provision.

Date: March 10, 2025

                                                /s/
                                         Adam B. Abelson
                                         United States District Judge