IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>Donald J. Trump, in his official capacity as President of the United States, et al.,<br><br>     Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' EMERGENCY MOTION FOR STATUS CONFERENCE REGARDING PRELIMINARY INJUNCTION**

Plaintiffs respectfully move for an emergency status conference with the Court regarding reports of widespread violations of the Court's preliminary injunction order (ECF Nos. 45, 67) ("the Order"). Although Plaintiffs have repeatedly informed Defendants of various instances of noncompliance with the terms of the Order, and although Plaintiffs have requested clarification from Defendants concerning their efforts to comply with the Order, it has become clear the federal government remains noncompliant.

Public reporting indicates that federal employees are openly discussing their intention to ignore the Order. Plaintiffs' counsel have received complaints about the freezing, cancellation, termination, and modification of grants based on the use of "equity," "diversity," "DEI," or "environmental justice" language. These reports have come from recipients of grants administered by both named and un-named agencies around the country, and public statements by federal agencies and include violations as recently as today. Plaintiffs thus seek an emergency telephonic status conference with the Court, ideally on March 14 or at the Court's next possible availability.

1

**Immediate Evidence of Non-Compliance**

The federal government appears to be violating the preliminary injunction in this case. Plaintiffs therefore seek clarification from DOJ concerning steps they have taken to address this. In an article published yesterday in *Rolling Stone*, Ex. A, journalists reported—based on reviewing documents and conducting interviews with sources within and outside the government—that "Trump administration officials have explicitly told staff and outside groups that they view the court order as irrelevant and that the 'DEI'-crackdown contract language will remain." *Id.* at 3. Despite the injunction, "certain parts of the administration, including the U.S. State Department, continued attempting to force this provision [the Certification Provision] on contractors and grant recipients, threatening their funding if they failed to sign it." *Id.* at 1. The article reports that, since the clarification order on March 10, "the administration hasn't bothered to inform various nonprofits and grant recipients they do not currently have to comply with the president's orders." *Id.* at 2. Recipients believe that officials in the US Government "are just pretending it didn't happen." *Id.* One source told Rolling Stone that a U.S. official stated "that they knew about the court injunction and what it meant, but that the senior ranks of the Trump administration had explicitly instructed staff to enforce Trump's executive orders, to ignore the court's injunction, and to pressure partner organizations if need be." *Id.* at 4. Notably, the Government has seemingly not disagreed with the facts in this reporting. A White House spokesperson's response to Rolling Stone appears to have been: "A radical district court judge is acting beyond his authority and against Supreme Court precedent to undo the results of the election from the bench." Ex. A, at 3.

This reporting matches other public reports and what Plaintiffs have heard from other affected parties. *See* Ex. B at 2, 3 (letter sent to Defendants' counsel on March 13). For example, just yesterday, the City of San Francisco received a letter from the Department of Housing and

2

Urban Development informing them that a grant agreement for $481,107 was contingent on San Francisco "certif[ying] that it does not operate any programs promoting diversity, equity, and inclusion that violate any applicable Federal anti-discrimination laws." Ex. C, at 3. That language is materially identical to the certification language this Court enjoined in its Preliminary Injunction: "The head of each agency shall include in every contract or grant award . . . [a] term requiring such counterparty or recipient to certify that it does not operate any programs promoting DEI that violate any applicable Federal anti-discrimination laws." ECF No. 45 (Preliminary Injunction Order) at 2. Other grantees received a notice as recently as today, with the same language. Indeed, even after Plaintiffs' counsel informed Defendants' counsel of issues at HUD, that agency's secretary posted the very same document on X. https://x.com/SecretaryTurner/status/1900257331184570703 (posted at 2:47pm, March 13, 2025).

Plaintiffs' counsel understand that since the issuance of the Court's February 21 preliminary injunction order, hundreds, if not thousands, of contractors and grantees around the country have received notices that require them to certify that they do not pursue DEIA principles in some form or else have their grants and contracts terminated on grounds that they are related to diversity, equity, inclusion, accessibility, or environmental justice. Plaintiffs are not aware of any instances in which wrongfully cancelled grants or contracts have been reinstated. Indeed, on the same day this Court clarified its Preliminary Injunction Order, administration officials publicly stated that they were continuing to cancel hundreds of contracts, totaling hundreds of millions of dollars, for diversity, equity, and inclusion reasons. *See* https://perma.cc/CF9B-UU8H (X Post by EPA Administrator Zeldin at 5pm on March 10) ("I am cancelling over 400 DEI and Environmental Justice grants across 9 grant programs totaling $1.7 BILLION, bringing @EPA's total savings to over $2 BILLION!").

**Plaintiffs' counsel's outreach to opposing counsel**

The federal agencies have no excuse for their continued noncompliance with the Order. Plaintiffs' counsel have tried, repeatedly, to have the Department of Justice (DOJ), through its attorneys in this matter, account for violations of the Preliminary Injunction and to provide Plaintiffs' counsel with copies of the kinds of notices they have sent to agencies, to no avail.

On February 25, after realizing that no public announcement had been made by the Government in the wake of the February 21 order, Plaintiffs' counsel emailed Defendants' counsel to inquire about the seeming continued enforcement of the Enjoined Provisions of the Executive Orders. *See* Ex. D (email of February 25 at 8:01am). Specifically, Plaintiffs' counsel asked Defendants' counsel if they intended to issue a notice to agencies similar to the notice DOJ issued in response to the *New York et al. v. Trump*, No. 25-cv-39-JJM-PAS (D.R.I.) temporary restraining order. *Id.* (citing [Notice of Court Order](#)). Defendants' counsel responded, simply, that they had "instructed the defendant agencies to fully comply with the Court's Order" and stated their (incorrect) position that the injunction only reached named agencies. *Id.* (email of February 25 at 5:04pm). They asked Plaintiffs' counsel to raise any "potential noncompliance by the defendant agencies." Plaintiffs' counsel subsequently raised such concerns (including in the context of Plaintiffs' motion to clarify, ECF No. 50-1, at 2), but no action appears to have been taken since. This undermines Defendants' counsel's representation to the Court that they were "investigating this matter and will take any necessary action to ensure compliance," ECF No. 62 at 6 n.1 (Defendant's opposition to motion to clarify).

The day after the Court entered its clarification order, ECF No. 67, Plaintiffs' counsel again sought information about the nature of notice given to agencies and agencies' compliance with the Court's February 21 order. Ex. D (email of March 11 at 8:53pm). Specifically, Plaintiffs' counsel

4

asked for copies of the "notice or instruction [DOJ] provided agencies prior to February 25, including the date of such instruction, and the individuals who received the instructions." Plaintiffs' counsel noted that, "[t]o our knowledge, no instruction/notice has been posted publicly and we understand that grantees and contractors have not been made aware of the Government's obligation to comply with the Order." *Id.* Plaintiffs' counsel sought the same information regarding any notice about the Clarified Preliminary Injunction. *Id.* And again, brought examples of violations raised earlier to DOJ's attention, and brought to their attention that at least half a dozen agencies appear to be continuing to violate the Preliminary Injunction. Plaintiffs simply seek to know "what steps DOJ has taken to ensure compliance with the Preliminary Injunction."

Today, DOJ responded to say: "[a]s we previously explained, we already instructed the defendant agencies to fully comply with the Court's order. And after Judge Abelson's clarification order, we have taken appropriate steps inform non-defendant entities of its scope." Ex. D (email of March 13 at 11:35am). DOJ did not indicate what those "appropriate steps" were. It appears to be DOJ's position that providing Plaintiffs' counsel with additional information "is neither necessary nor appropriate." *Id.* In fact, at no point have Defendants' counsel ever told Plaintiffs' counsel what has been done to ensure compliance with the Preliminary Injunction. Defendants' counsel have never provided any reasoned explanation for why a notice like that sent out in *New York* has not been issued in this case.

At 2:02pm ET today, Plaintiffs' counsel sent Defendants' counsel a letter laying out examples of the violations that have been and continue to take place across the federal government. Ex. B. Plaintiffs' counsel also informed Defendants' counsel of their intent to move for an emergency status conference and sought Defendants' counsel's position on the same by 4pm ET today. Defendants' counsel responded at 3:31pm as follows:

"We oppose any status conference before we have had an opportunity to investigate the allegations outlined in your letter and respond in writing. Your letter was sent to us at 2:02pm on March 13 with a number of specific allegations involving several agencies. We need time to investigate these allegations particularly given that most of these allegations pertain to non-defendants. If Plaintiffs decide to move for a status conference, we ask that you state Defendants' position in full in any request to the court."

DOJ did not indicate what those steps to investigate would be, nor what DOJ would do to address violations of the Order. Furthermore, Plaintiffs do not have reason to believe that any investigation by DOJ will bring Defendants into compliance given recent reporting and DOJ's past failure to bring federal agencies into compliance with the Order despite similar assurances of plans to investigate violations. Notably, Defendants' counsel continue to refuse to share any information about the form of notice they provided agencies and continue to ignore the instances of violations Plaintiffs brought to their attention in February and earlier this week. Indeed, Defendants' counsel continue to not even acknowledge such notice. For the foregoing reasons, Plaintiffs respectfully request that this Court schedule an emergency status conference to evaluate DOJ's efforts to ensure compliance with the Preliminary Injunction Order.

Respectfully submitted,

Niyati Shah\*
Noah Baron\*
Alizeh Ahmad\*
**Asian Americans Advancing Justice | AAJC**
1620 L Street NW, Suite 1050
Washington, DC 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

/s/  *Ananda V. Burra*
Ananda V. Burra (Bar No. 31438)
Aleshadye Getachew (Bar No. 31439)
Victoria S. Nugent (Bar No. 15039)
Audrey Wiggins\*
Brooke Menschel\*
J. Sterling Moore\*
Orlando Economos\*
Skye Perryman\*
**Democracy Forward Foundation**
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
aburra@democracyforward.org
agetachew@democracyforward.org
vnugent@democracyforward.org
awiggins@democracyforward.org
bmenschel@democracyforward.org
smoore@democracyforward.org
oeconomos@democracyforward.org
sperryman@democracyforward.org

\* admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system and all attachment will be sent electronically on March 13, 2025, to the registered participants as identified on the Notice of Electronic Filing (NEF).

      /s/   Ananda V. Burra
      Ananda V. Burra

      *Counsel for Plaintiffs*