IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Donald J. Trump, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' MOTION TO
VACATE PRELIMINARY INJUNCTION ORDER**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiffs hereby move to vacate, without prejudice, the Preliminary Injunction issued by this Court on February 21, 2025, and clarified on March 10, 2025 (the "Preliminary Injunction"). Notwithstanding the Defendants' Notice of Appeal, this Court retains jurisdiction to decide this motion because it is brought within twenty-eight days of the entry of the Preliminary Injunction. Fed. R. Civ. P. 59(e); *see also* Fed. R. App. P. 4(a)(4)(A)(iv); *Gelin v. Baltimore Cnty., Maryland*, 122 F.4th 531, 537–38 & n.3 (4th Cir. 2024) (holding that a motion to amend an interlocutory but appealable order is one properly brought under Fed. R. Civ. P. 59(e) and, when timely brought, triggers Fed. R. App. P. 4(a)(4)(A)). Given the ongoing harm to Plaintiffs and those similarly situated to them while this Court's Preliminary Injunction is stayed by the Fourth Circuit, ECF No. 73, and the Fourth Circuit's order for expedited briefing on the merits of the pending appeal, *id.* at 3, Plaintiffs seek expedited resolution of this motion to relieve the parties and the courts of duplicative and unnecessary briefing, and to thereafter be able to seek time-sensitive additional relief from this Court.

Plaintiffs respectfully request that the Court exercise its discretion and vacate its Preliminary Injunction without prejudice under Fed. R. Civ. P. 59(e). *Billups v. City of Charleston, S.C.*, 961 F.3d 673, 682 (4th Cir. 2020) (considering amendment of preliminary injunction under Rule 59(e)); *Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 836 F. App'x 496, 498 (9th Cir. 2020) (same, and applying Fed. R. App. P. 4(a)(4)(A)(iv)). Although Plaintiffs continue to believe that this Court's Preliminary Injunction is well reasoned and correct, *see also* ECF No. 73 at 7 (Judge Harris acknowledging the potential constitutional violations for "reasons cogently explained" by the Court), having all relief stayed pending appeal will contribute to the ongoing and escalating irreparable harm they and many others similarly situated are facing.

Granting this motion will cause no prejudice to Defendants and would serve judicial economy. Plaintiffs believe the Fourth Circuit would affirm this Court's preliminary injunction upon full consideration of the merits, *see, e.g.*, ECF No. 73 at 7 (Harris, J., concurring) (granting the stay while noting that the case would "benefit from more sustained attention" that is not possible when deciding a stay). Nonetheless, the appeal would waste judicial resources because, regardless of the outcome, Plaintiffs intend to seek additional relief based on developments that have occurred since the motion for preliminary injunction was filed on February 13, 2025. Defendants also cannot claim prejudice from a request that will spare them additional briefing in the Court of Appeals.

This Court may at its discretion vacate the preliminary injunction "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Campbell v. United States*, 470 F. App'x 153, 158 (4th Cir. 2012) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Here, where Plaintiffs seek to dissolve a non-final judgment in their favor, which

this Court can grant at its discretion, "the standard for granting a Rule 59(e) motion is . . . broad and open ended." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024).

The Rule 59(e) standard is met here in light of the multiple factual developments that have taken place since the Court issued its Preliminary Injunction one month ago, and even more so since Plaintiffs filed their complaint and preliminary injunction on February 3 and February 13, 2025. For instance, information about agencies' reliance on the savings clause provisions in the Executive Orders and details about the Orders' implementation was simply not available when the Orders were signed two months ago. Plaintiffs have already brought some post-injunction developments to the Court's attention, including violations of Plaintiffs' rights in their March 13, 2025, motion discussing the administration's apparent noncompliance with the Preliminary Injunction. *See, e.g.*, ECF Nos. 68, 70 (describing letters from the Department of Housing and Urban Development that implement the Certification Requirement).

Indeed, granting this vacatur without prejudice would be consistent with the Fourth Circuit's recognition of the importance of factual developments in its stay order. The concurrences by Chief Judge Diaz and Judge Harris emphasize that how agencies implement and enforce the Executive Orders is important to evaluating their legality. *See, e.g.*, ECF No. 73 at 4 (Diaz, C.J., concurring) (suggesting that the government's arguments carried weight "for now" but leaving open the validity of those arguments once the court evaluates "the extent to which the government relies on the Orders' savings clause provisions as it enforces the Orders' directives against federal contractors, grantees, and private entities."); *id.* at 7 (Harris, J., concurring) (noting that the government's arguments were sufficient "for now" but may be less persuasive once the Circuit understands more about their enforcement for the reasons explained by this Court in its initial preliminary injunction order).

Plaintiffs met and conferred with Defendants today to explain the reasoning for this motion, notably that vacating the current injunction, dismissing the related appeal, and proceeding for additional relief in this Court—relief which would itself be subject to appeal to the Fourth Circuit—would save judicial resources in both this Court and at the Fourth Circuit. Plaintiffs noted that they would be moving under Fed. R. Civ. P. 59(e) and that this Court's jurisdiction is proper under Fed. R. App. P. 4(a)(4)(A)(iv).[1] Defendants provided the following response:

> "We oppose a motion to vacate the preliminary injunction in the district court under Rule 59(e) because the district court lacks jurisdiction to dissolve the injunction while the appeal of that injunction is pending. We take no position—at this time—on any other motion with respect to the stayed preliminary injunction. With respect to future proceedings in the district court, we anticipate opposing any motion to amend the complaint, but we cannot give a position absent a live request."

Plaintiffs respectfully request the Court grant their motion to vacate the preliminary injunction, as clarified, without prejudice, as soon as possible.

/s/ Ananda V. Burra

Niyati Shah*
Noah Baron*
Alizeh Ahmad*
**Asian Americans Advancing Justice | AAJC**
1620 L Street NW, Suite 1050
Washington, DC 20036 (202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

Ananda V. Burra (Bar No. 31438)
Aleshadye Getachew (Bar No. 31439)
Victoria S. Nugent (Bar No. 15039)
Audrey Wiggins*
Brooke Menschel (Bar No. 31492)
J. Sterling Moore*
Orlando Economos*
Skye Perryman*
**Democracy Forward Foundation**
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
aburra@democracyforward.org

---

[1] Plaintiffs alternatively request that the Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1, indicating that it would vacate the Preliminary Injunction without prejudice if the Fourth Circuit remands the case for that purpose. *See La Union Del Pueblo Entero v. Ross*, 771 F. App'x 323 (4th Cir. 2019) (remanding pursuant to Fed. R. App. P. 12.1 after district court's indicative ruling); *U.S. Sec. & Exch. Comm'n v. Ahmed*, No. 3:15-CV-675 (JBA), 2016 WL 500436 (D. Conn. Jan. 11, 2016) (issuing indicative ruling under Fed. R. Civ. P. 62.1 concerning preliminary injunction); *see also* Fed. R. App. P. 12.1.

agetachew@democracyforward.org
vnugent@democracyforward.org
awiggins@democracyforward.org
bmenschel@democracyforward.org
smoore@democracyforward.org
oeconomos@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically on March 21, 2025, to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ananda V. Burra

Ananda V. Burra

*Counsel for Plaintiffs*