IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Donald J. Trump, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 25-cv-333 (ABA) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE
PRELIMINARY INJUNCTION ORDER**

1

**INTRODUCTION**

"The filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This black-letter law was cited to this Court over four weeks ago. In this case. By these Plaintiffs. ECF No. 50-1, at 9.

Yet Plaintiffs do not cite—much less engage with—this controlling, adverse precedent in their motion to vacate the preliminary injunction—which not only comes after the injunction was appealed, but after the Fourth Circuit exercised its jurisdiction to stay the injunction pending appeal. The case law is clear: "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." *In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018) (quoting *Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135, 1139 (4th Cir. 1978)).

Ignoring this authority, Plaintiffs make the remarkable claim that FRAP 4, which extends the time that a party has to take an appeal after it files certain motions, somehow allows district courts to dissolve injunctions under appeal. They cite no case law for this proposition, because FRAP 4 does no such thing. This Court lacks jurisdiction to dissolve the preliminary injunction that is now under appeal.

Moreover, to the extent that this Court treats Plaintiffs' motion as a request for an indicative ruling under FRCP 62.1, it should reject Plaintiffs' gamesmanship in trying to escape the consequences of an appeal they believe they cannot win by apparently seeking to file successive preliminary injunction motions. If Plaintiffs believe that the Fourth Circuit erred in considering their irreparable harm arguments—as they clearly do—their remedy is to defend the appeal or to seek a stay from a higher court. It is not to move the district court to vacate its appealed injunction so they can try again.

2

**RELEVANT FACTS**

On March 24, 2025, through separate filings, Defendants and Plaintiffs notified the Court of Appeals for the Fourth Circuit of Plaintiffs' Motion to Vacate. *See* Defendants' Notice to the Fourth Circuit (attached hereto as Exhibit A); Plaintiffs' Notice to the Fourth Circuit (attached hereto as Exhibit B). On March 26, 2025, the Court of Appeals declined to hold the briefing schedule in abeyance. March 26, 2025 Order (attached hereto as Exhibit C). Currently, Defendants' opening brief before the Fourth Circuit is due by April 8, 2025.

**ARGUMENT**

**I.     This Court Lacks Jurisdiction To Vacate The Appealed Preliminary Injunction**.

"Forty years ago, in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (982), the Supreme Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *FTC v. Lin*, 66 F.4th 164, 166 (4th Cir. 2023); *see also Doe v. Public Citizen*, 749 F.3d 245, 258 (4th Cir. 2014). As directly applicable here—"a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." *Murphy Brown*, 907 F.3d at 783; *see also Haefner v. Cnty of Lancaster*, 116 F.3d 1473 (4th Cir. 1997) (table) ("Because [plaintiff] had previously filed a notice of appeal to this Court of the underlying order, the magistrate judge was divested of jurisdiction to consider any subsequent motion to amend or vacate the appealed order."). And while there are limited actions that a district court may take "in aid of an appeal" after the appeal has been noticed, the Fourth Circuit has noted that a district court "does not act in aid of the appeal when it 'alter[s] the status of the case as it rests before the court of appeals,'" *Doe,* 749 F.3d at 259 *(quoting Coastal Corp. v. Tx. E. Corp.,* 869 F.2d 817, 820 (5th Cir. 1989)), as vacating the order under appeal surely does.

3

Plaintiffs ignore *Griggs* and its binding Fourth Circuit progeny. Instead, they argue that "[n]otwithstanding the Defendants' Notice of Appeal, this Court retains jurisdiction to decide this motion because it is brought within twenty-eight days of the entry of the Preliminary Injunction." ECF No. 77, at 1. This is wrong.

Federal Rule of Appellate Procedure 4(a) governs the time to file an appeal. If, for example, the United States is a party, the notice of appeal must be filed within 60 days after the entry of the order appealed from. *See* Fed. R. App. P. 4(a)(1)(B). There is a limited exception to this timing rule when a party in the district court files certain motions, including to alter or amend the judgment under Rule 59—then, "time to file an appear runs for all parties from the entry of the order disposing of the last remaining motion." Fed. R. App. P. 4(a)(4)(A). In other words, if a party moves to amend a judgment, the time to appeal runs from when that motion is resolved, not from when the order was first issued.

Critically, FRAP 4 assumes, and, when read with *Griggs*, requires, that a motion to amend is filed *before* the notice of appeal. FRAP 4(a)(4)(B)(i), for example, states that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)," the notice of appeal is effective only when the pending district court motion is resolved. But "disposes of any motion" implies that the motion must have been filed first. All of the authority Plaintiffs cite follows this sequence: (1) motion to alter or amend under Rule 59(e) is filed, (2) and *then* a notice of appeal is filed after. *See* ECF No. 77, at 2 (citing, *e.g., Billups v. City of Charleston, SC*, 961 F.3d 673, 682 (4th Cir. 2020) (Rule 59 motion filed in September 2018; motion denied in December 2018; notice of appeal filed January 2019); *Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 836 F. App'x 496, 498 (9th Cir. 2020) ("[Plaintiff's] timely filing of a motion for reconsideration of the district court's denial of its request for a

4

preliminary injunction tolled the time to appeal the denial of the preliminary injunction.")).[1] Indeed, *Gelin v. Baltimore County, Maryland*, 122 F.4th 531, 539 (4th Cir. 2024), upon which Plaintiffs primarily rely, *see* ECF No. 77, at 1, makes this clear: "[W]hen (*as happened here*) a party files a post-judgment motion that tolls the time to appeal under Rule 4(a)(4) and *then* notices an appeal, that notice lacks effect until the district court conclusively rules on all issues raised in the pending motion." (emphasis added).

This case is the opposite. Defendants filed their notice of appeal on February 24, 2025, ECF No. 47, and Plaintiffs' purported Rule 59(e) motion was not filed until March 21, 2025, ECF No. 77. And in the interim, the Fourth Circuit accepted jurisdiction over the preliminary injunction order and stayed that order. *See* ECF No. 73 (Fourth Circuit's stay pending appeal issued March 14, 2025). Because the notice of appeal predated the filing of a motion to vacate the injunction, this Court lacks jurisdiction over that motion under *Griggs*. Ultimately, Plaintiffs have not discovered a magic trick that allows them to overcome the notice of appeal's jurisdictional bar espoused in *Griggs* in a situation where their purported Rule 59(e) motion comes after an appeal has been noticed.

II. **This Court Should Decline to Issue an Indicative Ruling That It Would Grant a Motion to Vacate The Preliminary Injunction**.

In the alternative, Plaintiffs seek "an indicative ruling pursuant to Fed. R. Civ. P. 62.1, indicating that [the court] would vacate the Preliminary Injunction without prejudice if the Fourth

---

[1] While the Ninth Circuit's unpublished opinion does not specify the dates, the district court's docket reflects that the motion for reconsideration was filed in February 2020, was denied in March 2020, and was appealed in April 2020. *See Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, No. 2:19-cv-4684-JTT (D. Ariz.), ECF No. 106 (motion for reconsideration of order on motion for preliminary injunction entered February 7, 2020), ECF No. 113 (order denying motion for reconsideration filed March 24, 2020), ECF Nos. 131-132 (notice of appeal of denial of motion for reconsideration filed April 22, 2020).

Circuit remands the case for that purpose." ECF No. 77, at 4 n.1. While this is the proper procedural mechanism for such a request, the request itself is inappropriate and should be rejected—whatever its form. The government would not object to vacating the preliminary injunction *with* prejudice—that is, if plaintiffs wanted to withdraw their request for preliminary relief in this case altogether—but plaintiffs are not entitled to withdraw the preliminary injunction and then try to renew it unburdened by the stay issued by the Fourth Circuit.

Plaintiffs only articulated basis for vacating the court's preliminary injunction is unspecified "multiple factual developments that have taken place" in the last seven weeks. ECF No. 77, at 3. They do not articulate any of these supposed developments, other than to gesture at actions purportedly taken by HUD—which is not and has never been a defendant—before the injunction was stayed. But these purported factual developments about agency implementation, whatever they may be, are not relevant to the pending preliminary injunction motion—or indeed to this case. Plaintiffs seek *facial* relief. *See* ECF No. 39, at 14 (asserting that Plaintiffs seek relief for a purportedly "facially unconstitutional government action"). They are not challenging any specific agency action in the context of an as-applied challenge. Judge Harris and Judge Rushing's concurrences made this distinction clear:

> What the Orders say on their face and how they are enforced are two different things. Agency enforcement actions that go beyond the Orders' narrow scope may well raise serious First Amendment and Due Process concerns, for the reasons cogently explained by the district court. . . . This case, however, does not directly challenge any such action, and I therefore concur.

ECF No. 73, at 7-8 (Harris, J, concurring).

> In addition, as Judge Harris rightly points out, this case does not challenge any particular agency action implementing the Executive orders. Yet, in finding the Orders themselves unconstitutional, the district court relied on evidence of how various agencies are implementing, or may implement, the Executive Orders. That highlights serious questions about the ripeness of this lawsuit and plaintiffs' standing to bring it as an initial matter.

ECF No. 73, at 9 (Rushing, J., concurring).

Thus, while Plaintiffs assert that the concurrences "emphasize that how agencies implement and enforce the Executive Orders is important to evaluating their legality," ECF No. 77, at 3, this is not accurate—the concurrences recognized that implementation and enforcement could be relevant, if at all, for a separate challenge that Plaintiffs have not brought. And, indeed, to the extent Plaintiffs did purport to bring an as-applied challenge to a *specific* government action, that would be an entirely different case: seeking to enjoin actual grant terminations or certification conditions, rather than the Executive Orders on their face, and needing to comply with applicable procedural and channeling requirements, such as filing in the Court of Federal Claims as appropriate. Notably, it is not a case they have signaled they intend to bring, and certainly not one that would properly be part of this litigation.

Plaintiffs also complain about the fact that "having all relief stayed pending appeal will contribute to the ongoing and escalating irreparable harm they and many others similarly situated are facing." ECF No. 77, at 2. Setting to one side, for now, the fact that Plaintiffs do not represent others, "similarly situated" or otherwise, as they have not attempted to comply with the class action requirements of Rule 23, this argument is really just a complaint that the Fourth Circuit got it wrong in granting a stay of the injunction pending appeal. Indeed, one of the factors the court of appeals considered was "whether issuance of the stay will substantially injure the other parties interested in the proceeding," *i.e.*, the plaintiffs. See *Nken. v. Holder*, 556 U.S. 418, 434 (2009). The Fourth Circuit concluded that Defendants bore their burden of showing a lack substantial injury on this factor. See ECF No. 73, at 2. If Plaintiffs disagree with the panel's determination, their remedy is to seek further review from the *en banc* court or the Supreme Court—or simply to brief the appeal. It is not to try to vacate the injunction from out under the court of appeals.

Finally, while Plaintiffs claim this motion "will cause no prejudice to Defendants," ECF No. 77, at 2, that is wrong. Plaintiffs cannot seek seriatim preliminary injunctions against the same executive action only to move to vacate their own injunctions after the court of appeals has signaled that they are likely to lose on appeal. *Cf. New York v. U.S. Dept. of Homeland Security*, 974 F.3d 210 (2d Cir. 2020) (per curiam) (granting stay pending appeal where district court purported to issue "a new injunction" against the same executive action based on supposedly new facts while first injunction was pending on appeal).

## CONCLUSION

This Court should deny Plaintiffs' motion to vacate the preliminary injunction without prejudice and should deny Plaintiffs' alternative request that the court issue an indicative ruling that it would vacate the preliminary injunction without prejudice.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Pardis Gheibi*
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Pardis Gheibi*