# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NATIONAL ASSOCIATION OF
DIVERSITY OFFICERS IN HIGHER
EDUCATION, et al.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, et al.,

Defendants-Appellants.

No. 25-1189

**RESPONSE TO NOTICE REGARDING BRIEFING SCHEDULE**

Defendants-appellants respectfully submit this response to the Court's March 17 Notice, which directed the parties to file by today "responses … stating whether the current briefing schedule in this appeal should be altered and, if so, proposing an appropriate briefing schedule." Docket No. 30.

Since the notice issued, an additional scheduling wrinkle has arisen: Plaintiffs-appellees filed a motion in district court on Friday, March 21, ostensibly "[p]ursuant to Fed. R. Civ. P. 59(e)," asking the district court "to vacate, without prejudice," the preliminary injunction at issue on this

appeal. We notified plaintiffs that we oppose that motion because, under the binding precedent of this Circuit, "'a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed.'" *In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018) (*quoting Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135, 1139 (4th Cir. 1978)). Indeed, this Court has already exercised jurisdiction by ruling on the government's stay motion. The district court does not have jurisdiction to vacate the very injunction under this Court's review.

If plaintiffs were responding to this Court's order by seeking to forgo preliminary relief in this case, we would recommend that this Court hold the briefing schedule in abeyance, and we would join plaintiffs in seeking an indicative ruling from the district court that it would vacate the preliminary injunction if the case were remanded for that purpose. *See* Fed. R. Civ. P. 62.1. But plaintiffs have indicated that they are taking a different approach. Plaintiffs claimed in their motion that vacatur was necessary because plaintiffs suffer "ongoing harm" as a result of this Court's stay of the preliminary injunction. Plaintiffs' Motion to Vacate Preliminary Injunction, ECF No. 77, at 1; *see also id.* at 2 (contending that the "stay[] pending appeal will contribute to the ongoing and escalating irreparable

2

harm" for plaintiffs "and many others similarly situated"). Plaintiffs also made clear in their filing their intention "to seek time-sensitive additional relief" from the district court based on unidentified "developments that have occurred since the motion for preliminary injunction was filed" last month. *Id.*

Under these circumstances, vacatur of the district court's order would not be appropriate if the district court intended to allow for another round of substantially similar emergency litigation. Plaintiffs cannot seek seriatim preliminary injunctions against the same executive action only to move to vacate their own injunctions after this Court has signaled that they are likely to lose on appeal. *Cf. New York v. U.S. Dept. of Homeland Security*, 974 F.3d 210 (2d Cir. 2020) (per curiam) (granting stay pending appeal where district court purported to issue "a new injunction" against the same executive action based on supposedly new facts while first injunction was pending on appeal).

At this time, we do not know what if any additional proceedings the district court contemplates, or what plaintiffs intend to do if the district court appropriately makes clear that vacatur of the now-stayed preliminary injunction would not provide an opportunity for a new injunction freed of

3

this Court's stay. This Court may wish to hold briefing in abeyance for a brief period to see how the district court proceedings unfold. The government would not be prejudiced by such an abeyance given that this Court has stayed the district court's order, and plaintiffs would be ill positioned to complain of a delay in this Court's review as they simultaneously seek to undermine it through their filing in the district court. For similar reasons, there would be no basis to further expedite the briefing, though we stand ready to file our brief, as scheduled, on April 8 if the Court wishes to maintain the current briefing schedule.

4

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
DANIEL TENNY
JACK STARCHER
CATHERINE PADHI
 *s/ Jack Starcher*
_____

(202) 514-8877
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Room 7515*
  *Washington, DC 20530*

MARCH 2025

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*s/ Jack Starcher*
Jack Starcher
