# EXHIBIT B

Ms. Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

   Re:  <u>NADOHE, et al., v. Trump, et al., Case No. 25-1189</u>

Dear Ms. Anowi:

      We write in response to the Court's order for the Parties to "file responses, within 5 days, stating whether the current briefing schedule in this appeal should be altered and, if so, proposing an appropriate briefing schedule." Dkt. 30. We also take this opportunity to respond to Defendants' filing on the docket today. Dkt. 32.

      As Defendants note, Plaintiffs have moved the District Court to vacate its preliminary injunction under Federal Rule of Civil Procedure 59(e), and the motion is attached to this letter. Plaintiffs' motion before the District Court was proper. Federal Rule of Civil Procedure 59(e) allows a district court to "alter or amend a judgment" within "28 days after the entry of the judgment." Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), where "a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [a Rule 59(e) motion]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." That is precisely what happened here: Plaintiffs' Rule 59(e) motion of March 21 was filed within 28 days of the entry of the February 21 preliminary injunction and remains pending in the district court. Defendants' notice of appeal is not "effective" until the district court rules on Plaintiffs' motion.

      This Court addressed the interplay between Federal Rule of Civil Procedure 59(e) and appellate jurisdiction just last year in *Gelin v. Baltimore Cnty., Maryland*, 122 F.4th 531 (4th Cir. 2024). There, defendants-appellants noticed an appeal from a district court's partial denial of their motion to dismiss and this Court held the appeal in abeyance. The district court retained jurisdiction over its order because defendants had timely filed a motion to amend below. Until "the order disposing of the last such remaining motion is entered," this Court held it lacked jurisdiction under Federal Rule of Appellate Procedure 4(a)(4)(B)(i). *Id.* at 538. The Court specifically distinguished this scenario—of a timely pending Rule 59(e) motion in the district court—from the "background principle" that a notice of appeal "transfers adjudicatory authority from the district court to the court of appeals." *Id.* at 539 (citations omitted). Defendants' authorities illustrate the operation of just this "background principle" and are inapposite. *See In re Murphy-Brown, LLC*, 907 F.3d 788 (4th Cir. 2018) (describing default rule dreview of mandamus petition to quash a district court's gag order); *New York v. U.S. Dept. of Homeland Security*, 974 F.3d 210 (2d Cir. 2020) (the district court could not issue a new injunction ten months

after issuing a materially identical injunction that had been appealed to the Supreme Court and remained stayed on the Second Circuit's docket pending a merits ruling).

Plaintiffs have asked for expedited consideration of the vacatur motion to quickly amend their complaint—*inter alia*, to plead facts about how the Government has interpreted or implemented the Executive Orders—and to seek emergency relief from ongoing irreparable harm, including on grounds that are not the basis for the order on appeal. The procedurally correct avenue for relief was to approach the district court to vacate the present injunction and to then seek additional relief in the district court. Such a course of action preserves judicial resources because, were Plaintiffs to obtain such relief from the district court, it is more than likely Defendants would appeal such relief to this Court once more, no matter on what ground the district court ruled.

Notably, Defendants do not appear to disagree that vacatur is the right path: they "would recommend that this Court hold the briefing schedule in abeyance, and [] would join plaintiffs in seeking an indicative ruling from the district court that it would vacate the preliminary injunction if the case were remanded for that purpose." Dkt. 32 at 2. Plaintiffs did move in the alternative for such an indicative ruling under Federal Rule of Civil Procedure 62.1. However, Rule 62.1 addresses "relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending." Here, as already noted, the district court *retained* authority under Rule 59(e).

Plaintiffs request this Court stay its consideration of the appeal of the Preliminary Injunction order until the District Court rules on the motion to vacate. If the District Court grants the motion under Rule 59(e), Plaintiffs understand appellate jurisdiction would no longer exist as there would have been no order below from which Defendants appealed. If the District Court either denies the Rule 59(e) motion or grants it solely under Rule 62.1, Plaintiffs respectfully request that the Parties be directed to submit an expedited briefing plan to the Fourth Circuit within 48 hours of the District Court's order.

Respectfully submitted,

*/s/ Ananda Burra*
Ananda V. Burra

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system.  Service will be accomplished by the appellate CM/ECF system.

/s/ *Ananda Burra*
Ananda V. Burra

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' MOTION TO
VACATE PRELIMINARY INJUNCTION ORDER**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiffs hereby move to vacate, without prejudice, the Preliminary Injunction issued by this Court on February 21, 2025, and clarified on March 10, 2025 (the "Preliminary Injunction"). Notwithstanding the Defendants' Notice of Appeal, this Court retains jurisdiction to decide this motion because it is brought within twenty-eight days of the entry of the Preliminary Injunction. Fed. R. Civ. P. 59(e); *see also* Fed. R. App. P. 4(a)(4)(A)(iv); *Gelin v. Baltimore Cnty., Maryland*, 122 F.4th 531, 537–38 & n.3 (4th Cir. 2024) (holding that a motion to amend an interlocutory but appealable order is one properly brought under Fed. R. Civ. P. 59(e) and, when timely brought, triggers Fed. R. App. P. 4(a)(4)(A)). Given the ongoing harm to Plaintiffs and those similarly situated to them while this Court's Preliminary Injunction is stayed by the Fourth Circuit, ECF No. 73, and the Fourth Circuit's order for expedited briefing on the merits of the pending appeal, *id.* at 3, Plaintiffs seek expedited resolution of this motion to relieve the parties and the courts of duplicative and unnecessary briefing, and to thereafter be able to seek time-sensitive additional relief from this Court.

1

Plaintiffs respectfully request that the Court exercise its discretion and vacate its Preliminary Injunction without prejudice under Fed. R. Civ. P. 59(e). *Billups v. City of Charleston, S.C.*, 961 F.3d 673, 682 (4th Cir. 2020) (considering amendment of preliminary injunction under Rule 59(e)); *Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 836 F. App'x 496, 498 (9th Cir. 2020) (same, and applying Fed. R. App. P. 4(a)(4)(A)(iv)). Although Plaintiffs continue to believe that this Court's Preliminary Injunction is well reasoned and correct, *see also* ECF No. 73 at 7 (Judge Harris acknowledging the potential constitutional violations for "reasons cogently explained" by the Court), having all relief stayed pending appeal will contribute to the ongoing and escalating irreparable harm they and many others similarly situated are facing.

Granting this motion will cause no prejudice to Defendants and would serve judicial economy. Plaintiffs believe the Fourth Circuit would affirm this Court's preliminary injunction upon full consideration of the merits, *see, e.g.*, ECF No. 73 at 7 (Harris, J., concurring) (granting the stay while noting that the case would "benefit from more sustained attention" that is not possible when deciding a stay). Nonetheless, the appeal would waste judicial resources because, regardless of the outcome, Plaintiffs intend to seek additional relief based on developments that have occurred since the motion for preliminary injunction was filed on February 13, 2025. Defendants also cannot claim prejudice from a request that will spare them additional briefing in the Court of Appeals.

This Court may at its discretion vacate the preliminary injunction "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Campbell v. United States*, 470 F. App'x 153, 158 (4th Cir. 2012) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Here, where Plaintiffs seek to dissolve a non-final judgment in their favor, which

2

this Court can grant at its discretion, "the standard for granting a Rule 59(e) motion is . . . broad and open ended." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024).

The Rule 59(e) standard is met here in light of the multiple factual developments that have taken place since the Court issued its Preliminary Injunction one month ago, and even more so since Plaintiffs filed their complaint and preliminary injunction on February 3 and February 13, 2025. For instance, information about agencies' reliance on the savings clause provisions in the Executive Orders and details about the Orders' implementation was simply not available when the Orders were signed two months ago. Plaintiffs have already brought some post-injunction developments to the Court's attention, including violations of Plaintiffs' rights in their March 13, 2025, motion discussing the administration's apparent noncompliance with the Preliminary Injunction. *See, e.g.*, ECF Nos. 68, 70 (describing letters from the Department of Housing and Urban Development that implement the Certification Requirement).

Indeed, granting this vacatur without prejudice would be consistent with the Fourth Circuit's recognition of the importance of factual developments in its stay order. The concurrences by Chief Judge Diaz and Judge Harris emphasize that how agencies implement and enforce the Executive Orders is important to evaluating their legality. *See, e.g.*, ECF No. 73 at 4 (Diaz, C.J., concurring) (suggesting that the government's arguments carried weight "for now" but leaving open the validity of those arguments once the court evaluates "the extent to which the government relies on the Orders' savings clause provisions as it enforces the Orders' directives against federal contractors, grantees, and private entities."); *id.* at 7 (Harris, J., concurring) (noting that the government's arguments were sufficient "for now" but may be less persuasive once the Circuit understands more about their enforcement for the reasons explained by this Court in its initial preliminary injunction order).

3

Plaintiffs met and conferred with Defendants today to explain the reasoning for this motion, notably that vacating the current injunction, dismissing the related appeal, and proceeding for additional relief in this Court—relief which would itself be subject to appeal to the Fourth Circuit—would save judicial resources in both this Court and at the Fourth Circuit. Plaintiffs noted that they would be moving under Fed. R. Civ. P. 59(e) and that this Court's jurisdiction is proper under Fed. R. App. P. 4(a)(4)(A)(iv).[1] Defendants provided the following response:

> "We oppose a motion to vacate the preliminary injunction in the district court under Rule 59(e) because the district court lacks jurisdiction to dissolve the injunction while the appeal of that injunction is pending. We take no position—at this time—on any other motion with respect to the stayed preliminary injunction. With respect to future proceedings in the district court, we anticipate opposing any motion to amend the complaint, but we cannot give a position absent a live request."

Plaintiffs respectfully request the Court grant their motion to vacate the preliminary injunction, as clarified, without prejudice, as soon as possible.

/s/ Ananda V. Burra

| | |
|---|---|
| Niyati Shah* | Ananda V. Burra (Bar No. 31438) |
| Noah Baron* | Aleshadye Getachew (Bar No. 31439) |
| Alizeh Ahmad* | Victoria S. Nugent (Bar No. 15039) |
| **Asian Americans Advancing Justice \| AAJC** | Audrey Wiggins* |
| | Brooke Menschel (Bar No. 31492) |
| 1620 L Street NW, Suite 1050 | J. Sterling Moore* |
| Washington, DC 20036 (202) 296-2300 | Orlando Economos* |
| nshah@advancingjustice-aajc.org | Skye Perryman* |
| nbaron@advancingjustice-aajc.org | **Democracy Forward Foundation** |
| aahmad@advancingjustice-aajc.org | P.O. Box 34553 |
| | Washington, D.C. 20043 |
| | (202) 448-9090 |
| | aburra@democracyforward.org |

---

[1] Plaintiffs alternatively request that the Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1, indicating that it would vacate the Preliminary Injunction without prejudice if the Fourth Circuit remands the case for that purpose. *See La Union Del Pueblo Entero v. Ross*, 771 F. App'x 323 (4th Cir. 2019) (remanding pursuant to Fed. R. App. P. 12.1 after district court's indicative ruling); *U.S. Sec. & Exch. Comm'n v. Ahmed*, No. 3:15-CV-675 (JBA), 2016 WL 500436 (D. Conn. Jan. 11, 2016) (issuing indicative ruling under Fed. R. Civ. P. 62.1 concerning preliminary injunction); *see also* Fed. R. App. P. 12.1.

4

agetachew@democracyforward.org
vnugent@democracyforward.org
awiggins@democracyforward.org
bmenschel@democracyforward.org
smoore@democracyforward.org
oeconomos@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

5

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically on March 21, 2025, to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ananda V. Burra
Ananda V. Burra

*Counsel for Plaintiffs*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-333-ABA |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO VACATE PRELIMINARY INJUNCTION**

Upon consideration of Plaintiffs' motion to vacate the Court's Preliminary Injunction (ECF Nos. 45, 67) without prejudice, it is hereby

**ORDERED** that the motion is **GRANTED**.

The Preliminary Injunction at ECF Nos. 45 and 67 is **VACATED** without prejudice.

**SO ORDERED**.

Dated: March __, 2025

_____

THE HON. ADAM B. ABELSON

UNITED STATES DISTRICT JUDGE