IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al., <br><br>Plaintiffs, <br><br>v. <br><br>Donald J. Trump, in his official capacity as President of the United States, et al., <br><br>Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO VACATE PRELIMINARY INJUNCTION ORDER**

This Court has jurisdiction to vacate its preliminary injunction order. Motions under Fed. R. Civ. P. 59(e), when timely brought, trigger Fed. R. App. P. 4(a)(4)(A) and 4(a)(4)(B)(i). *Gelin v. Baltimore Cnty., Md.*, 122 F.4th 531, 539 (4th Cir. 2024). Until the district court disposes of the "last such remaining motion" listed under Fed. R. App. P. 4(a)(4)(A), the notice of appeal is not yet effective, and the district court retains jurisdiction. *See Carter v. Sherrill*, No. 5:16-CT-3272-D, 2017 WL 6506445, at *1 (E.D.N.C. Jul. 17, 2017), *aff'd*, 698 F. App'x 111 (4th Cir. 2017). Both Supreme Court and Fourth Circuit precedent—and the plain language of the Federal Rules—support Plaintiffs' position that this Court has jurisdiction to decide their Fed. R. Civ. P. 59(e) motion.

But even if Defendants were right, the Court can still grant Plaintiffs' motion: Defendants concede that this Court has jurisdiction to grant Plaintiffs' motion as an indicative ruling under Fed. R. Civ. P. 62.1. Under either procedural vehicle, Plaintiffs' motion is justified by the escalating harm the Government is imposing on them and others similarly situated, by the urgent need for

relief, by the dramatic factual developments since Plaintiffs' earliest filings in this case, and by the resulting judicial efficiency.

## ARGUMENT

**1. The Federal Rules and Binding Precedent Allow This Court to Vacate the Preliminary Injunction.**

Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that a notice of appeal filed "after the court announces or enters a judgment," but "before it disposes of any motion listed in Rule 4(a)(4)(A)" becomes "effective" when "the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(A)'s list includes a motion "to alter or amend the judgment under Rule 59" filed "within the time allowed" by that rule, the very situation here. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Under such circumstances, the Fourth Circuit has explained that the "district court has jurisdiction to resolve" the motion without "any action on [the Fourth Circuit's] part." *Gelin*, 122 F.4th at 539; *see also Carter*, 2017 WL 6506445, at *1.

Defendants' reliance on *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), Resp. to Mot. to Vacate PI at 2, ECF No. 78 ("Resp."), is misguided: *Griggs* squarely supports Plaintiffs' position. It held that district courts have jurisdiction to hear a Rule 59 motion even when a notice of appeal has been filed. *Id.* at 59-60. Specifically, *Griggs* addressed the 1979 revision to the Federal Rules "to clarify both the litigants' timetable and the courts' respective jurisdictions." 459 U.S. at 59. The Supreme Court noted that in Fed. R. App. P. 4's amended form, "in order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, *even after a notice of appeal had been filed*." *Id.* (emphasis added). It quoted with approval Moore's Federal Practice for the proposition that the "effect of a Rule 59 motion on a previously filed notice of appeal" is that the "'appeal simply self-destructs.'" *Id.* at 61. Notably, the Supreme Court was referring to the exact procedural posture before the Court: a situation where a Fed. R. Civ. P. 59 motion is filed after a

notice of appeal. That is further evidenced by the very next sentence in *Griggs*, which contrasts the effect of the same amendment to Fed. R. App. P. 4 in the opposite situation: a notice of appeal filed *after* a Rule 59 motion, which is "also ineffective if it is filed while a timely Rule 59 motion is still pending." *Id.*

Fed. R. App. P. 4(a)(4) has been amended several times since 1979—largely to change time limits—but not in ways that affect the merits of Plaintiffs' motion to vacate. The 1993 amendments softened the effects on a notice of appeal under those circumstances by providing that, rather than "self-destruct[]," the notice would be "in effect, suspended until the [Fed. R. App. P. 4(a)(4)(A)] motion is disposed of, whereupon, the previously filed notice effectively [would] place[] jurisdiction in the court of appeals," subject to any required amendments to the notice of appeal. Fed. R. App. P. 4, 1993 Advisory Committee Note to Paragraph (a)(4). These amendments abrogated *Griggs*'s language about a post-appeal Rule 59 motion causing the "appeal [to] simply self-destruct[]," but did not change any other aspect of that case's holding. *See also In re Rains*, 428 F.3d 893, 904 n.9 (9th Cir. 2005) (discussing the effects of these post-*Griggs* changes to Rule 4).

The amendment to the Federal Rules in 1979 envisioned that a filing of a timely Fed. R. Civ. P. 59 motion—whether before or after an appeal has been noticed—would render the notice of appeal ineffective under Fed. R. App. P. 4(a)(4). The Advisory Committee, which the Supreme Court cited in *Griggs*, emphasized this point, saying that, while the pre-1979 position was "ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the [then relevant] 10-day limit," the 1979 Rules amendment made "it clear that in such circumstances the appellant should not proceed with the appeal during the pendency of the motion but should file a new notice of appeal after the motion is disposed of." *Griggs*, 459 U.S. at 60 n.2. In other words, not only does *Griggs not* support Defendants, it mandates the outcome Plaintiffs seek. *See also*

3

*Stone v. Immigr. and Naturalization Serv.*, 514 U.S. 386, 402-03 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)"); *Carpenter Insulation & Coatings v. Statewide Sheet Metal & Roofing*, 937 F.2d 602, 602 n.* (4th Cir. 1991) ("The district court properly considered the statutory issue because it did have subject matter jurisdiction over the Rule 59 motion, notwithstanding the fact that a notice of appeal had already been filed. Under Fed. R. App. P. 4(a)(4), '[a] notice of appeal filed before the disposition of [a Rule 59 motion] shall have no effect.' This is true even if the notice of appeal is filed before a Rule 59 motion is filed (as distinct from 'disposed of')."); *Resol. Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 n.1 (9th Cir. 1999) (same); *Burgess v. Tran*, No. 23-CV-80874, 2024 WL 2797437, at *1 n.1 (S.D. Fla. Apr. 9, 2024) (same); *MacArthur v. United States*, No. 1:12-CR-00084-JAW, 2021 WL 799298, at *5 (D. Me. Mar. 2, 2021) (same); *Welbig v. City of Brookings*, No. CIV 15-4085, 2016 WL 6683416, at *2 (D.S.D. Nov. 14, 2016) (same); *United States, ex rel. Best v. Warden, N.Y.C. Dep't of Corr.*, No. 1:14-CV-3591-GHW, 2014 WL 3643287, at *1 (S.D.N.Y. July 23, 2014) (same); *United States v. Adderly*, Civil Action No. 09–3338, 2012 WL 12906317, at *1 n.1 (E.D. Pa. Jan. 25, 2012) (same).

Defendants' argument to the contrary primarily reiterates the background principle articulated in *Griggs*— that "[t]he filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal," 459 U.S. at 58. But the other authorities Defendants cite do not bear on this Motion because they apply that background principle in contexts where Fed. R. App. P. 4(a)(B)(i) does not apply. For example, the court in *In re Murphy-Brown, LLC* described the default rule of direct appeals during its review of a hog farmer's mandamus petition to quash a district court's gag order. 907 F.3d 788, 793 (4th Cir. 2018). And *FTC v. Lin* applied the background principle where proposed intervenors moved to intervene after

4

the district court had already issued an order entering final judgement and that order had been appealed. 66 F.4th 164, 164-65, 166 (4th Cir. 2023). In contrast to the relevant rule here, motions to intervene are brought under Fed. R. Civ. P. 24, which are not included on the Fed. R. App. P. 4(a)(4)(A) list. As a result, Fed. R. App. P. 4(a)(B)(i) does not apply to them. The *Lin* court did not consider whether the district court retained jurisdiction to decide a timely filed motion listed under Fed. R. App. P. 4(a)(4)(A), and so its unsurprising conclusion—that the *Griggs* background principle applied—is irrelevant here. *See also Doe v. Public Citizen*, 749 F.3d 245, 258-59 (4th Cir. 2014) (holding that a notice of appeal stripped the district court of jurisdiction to decide a later-filed motion to intervene).

Likewise, in *Haefner v. Cnty. of Lancaster, Pa.*, the court did not need to confront the question relevant here. In that one-paragraph, unpublished opinion, the Fourth Circuit refused to hear the appellant's appeal of an order declining to file his Fed. R. Civ. P. 60(b) motion to vacate and re-enter judgment where he had already noticed an appeal from the underlying judgement. No. 97-1568, 1997 WL 355533, at *1 (4th Cir. June 27, 1997), 116 F.3d 1473 (Table of Decisions Without Reported Opinions). But while Fed. R. App. P. 4(a)(4)(A) allows only motions "filed within the time allowing for filing a motion under Rule 59," and Fed. R. Civ. P. 59(e) only permits a "motion to alter or amend a judgment" within 28 days of the entry of judgment, the appellant there had filed his Fed. R. Civ. P. 60(b) motion more than two months after his initial notice of appeal. *See* Notice of Appeal, *Haefner v. Cnty. of Lancaster, Pa.*, No. 2:95-mc-41 (E.D. Va. Aug. 5, 1996), Dkt. 12; Fed. R. Civ. P. 60(b) Mot. to Vacate and Re-Enter Judgment, *Haefner*, No. 2:95-mc-41 (E.D. Va. Oct. 7, 1996), Dkt. 14. The *Haefner* court did not address the application of Fed. R. App. P. 4(a)(4)(B)(i) because it had no reason to do so. *See also Carter*, No. 2017 WL 6506445, at *1 (distinguishing *Haefner* and holding district court had jurisdiction to decide a motion for

5

reconsideration despite a notice of appeal); *Grayson v. Sichel*, No. 5:11-ct-3262-D, 2012 WL 3060197, at *1 (E.D.N.C. Jul. 26, 2012) (same).

And the language Defendants point to in Fed. R. App. P. 4(a)(4)(B)(i) to support their timing argument in fact cuts against them. The rule expressly covers the circumstances of this case—where the notice of appeal was filed "after the court announces or enters a judgment," but "before it disposes of any motion listed in Rule 4(a)(4)(A) . . . ." Fed. R. App. P. 4(a)(4)(B)(i). Defendants state that the rule's use of the phrase "'disposes of any motion' implies that the motion must have been filed first." Resp. at 4. But *Griggs* itself makes clear that such a motion *can* be filed after the notice of appeal, so long as it is timely under the standards set forth in Fed. R. App. P. 4(a)(4). In short, where the Fed. R. Civ. P. 59 motion—as here—has not yet been decided by the district court and was filed within the FRAP 4(a)(4)(A)(iv) timeline, the notice of appeal is not yet effective, and the district court retains jurisdiction to resolve the motion. *See Griggs*, 459 U.S. at 61; *Gelin*, 122 F.4th, at 539; *Carter*, 2017 WL 6506445, at *1.

**2. Plaintiffs' Intended Amendment of the Complaint and Renewed Preliminary Injunction Motion is Appropriate.**

In any event, as Defendants acknowledge, *see* Resp. at 5-6, this Court has jurisdiction to decide Plaintiffs' motion, in the alternative, as an indicative ruling under Fed. R. Civ. P. 62.1. And Plaintiffs' intention to amend their complaint and seek renewed preliminary relief is justified. Defendants' interpretation and implementation of the Executive Orders—threatening and penalizing Plaintiffs and others similarly situated based on the expression of their values—has only escalated since Plaintiffs' initial filings. The resulting escalating injury to Plaintiffs has increased their already urgent need for relief.[1] And although Plaintiffs continue to believe the

---

[1] Plaintiffs raise this ongoing and escalating irreparable harm not as a "complaint that the Fourth Circuit got it wrong," Resp. at 7, but to explain their urgent need for relief and the necessity of seeking relief in this expedited way. In any event, the Fourth Circuit panel did not address

Fourth Circuit would ultimately affirm this Court's preliminary injunction, *see* Mot. at 2, the changed factual circumstances will require Plaintiffs to amend and seek additional relief regardless. To continue the appeal only to—win or lose—end up right back to making those amendments and seeking that additional relief would be a waste of judicial resources.

Contrary to Defendants' assertion, intervening factual developments that have occurred after the initiation of this case are pertinent and appropriate for inclusion in an amended complaint. As a threshold matter, Plaintiffs could amend their complaint to add *new* facial claims based on evidence related to agencies' interpretation and implementation of the Executive Orders. Moreover, Plaintiffs could incorporate intervening factual developments to strengthen those existing and new facial claims which have yet to be addressed by any court. Defendants' brief does not provide any rebuttal to these realities.

Nor are Plaintiffs limited to pursuing as-applied claims in light of the Fourth Circuit's concurrences, as Defendants contend: The concurrences emphasized that their opinions spoke only to the record so far and that future developments might alter the outcome. In his concurrence, for example, Chief Judge Diaz noted he was satisfied "for now" that Defendants had met their stay burden, but explicitly "reserve[d] judgment on the extent to which the government relies on the Orders' savings clause provisions as it enforces the Orders' directives . . . ." Stay Order, No. 73 at 4, 4 n.1. In doing so, with respect to the savings-clause issue, he cited to a successful facial challenge to an executive order and characterized the case as "declining to give effect to savings clause where that clause 'in [] context' would 'override clear and specific language,' and render

---

Plaintiffs' showing of irreparable harm in the district court. *See* Stay Order at 7 ("for now, I believe the government has shown a sufficient likelihood of success to warrant a stay until we can hear and decide its appeal") (Harris, J., concurring), 4 ("I join in the order granting the government's motion and in Judge Harris's separate opinion explaining why.") (Diaz, C.J., concurring), 9 (stay warranted because government "is likely to succeed in demonstrating that the challenged provisions of the Executive Orders—all of which are directives from the President to his officers—do not violate the First or Fifth Amendments").

'judicial review a meaningless exercise . . . .'" *Id.* at 4 n.1 (quoting *City & Cnty. of S.F. v. Trump*, 897 F.3d 1225, 1239-40 (9th Cir. 2018)). Similarly, in her concurrence, Judge Harris concluded "for now" that Defendants had met their burden, but offered the "caveat" that "[a]gency enforcement actions that go beyond the Orders' narrow scope may well raise serious First Amendment and Due Process concerns, for the reasons cogently explained by" this Court. *Id.* at 7.

And Plaintiffs are indeed employing the "proper procedural mechanism" to seek the relief they need. Resp. at 6. *New York v. U.S. Department of Homeland Security* is inapposite. There, the Second Circuit stayed a district court's second preliminary injunction "based primarily on the district court's apparent lack of jurisdiction to issue the preliminary injunction during the appeal of its prior, virtually identical injunction . . . ." *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 216 (2d Cir. 2020) ("*New York*"). It therefore had no reason to discuss the exceptions relevant here to the general rule that the notice of appeal "divests the district court of jurisdiction." *Id.* at 215.

In contrast to *New York*, Plaintiffs here have not moved for a second preliminary injunction. Instead, they have first moved to vacate their original preliminary injunction—a type of motion absent from the Second Circuit's *New York* decision entirely—or, in the alternative, for an indicative ruling under 62.1—a type of motion which the Second Circuit also did not substantively address. *See New York*, 974 F.3d at 213; *New York v. U.S. Dep't of Homeland Sec.*, 475 F. Supp. 3d 208, 231 (S.D.N.Y. 2020). *New York*'s reasoning does not deprive a court of its ability to exercise its power under Fed. R. Civ. P. 62.1 because that Rule—an exception to the general principle depriving district courts of jurisdiction upon filing of an appeal—specifically contemplates a ruling *sans* jurisdiction. *See New Falls Corp. v. Soni Holdings, LLC*, 2022 WL 16834561, at *3 (E.D.N.Y. Nov. 9, 2022) (distinguishing *New York* and holding it had the authority to deny a Fed. R. Civ. P.

60(b) motion under Fed. R. Civ. P. 62.1(a)(2) despite a pending appeal); *see also id.* (noting that Fed. R. App. P. 4(a)(4)(A)(vi) and (a)(4)(B) "provide a limited exception to [*New York*'s] jurisdictional bar for some types of motions for reconsideration" including those pursuant to Fed. R. Civ. P. 60(b) filed within 28 days of judgment, but holding such exception did not apply in that case).

And Plaintiffs here have candidly explained their reasons for doing so: They seek to amend their complaint and pursue additional preliminary relief to prevent ongoing irreparable harm against a more developed factual backdrop. Unlike in *New York,* where the second injunction issued on the grounds that factors beyond the parties' control (the pandemic) had changed the factual context of the case, *see* 974 F.3d at 213, here Plaintiffs will seek additional relief based on additional factual evidence of the Government's *own interpretation and implementation* of the Executive Orders. *Cf. Pacito v. Trump*, No. 2:25-CV-255-JNW, 2025 WL 893530, at *3 (W.D. Wash. Mar. 24, 2025) (holding that, where plaintiffs' "motion for a second preliminary injunction . . . concerns Agency Defendants' actions taken *after*" the court's initial injunction which was pending appeal, the "subsequent action . . . represent[ed] a new agency policy or action that also threaten[ed] to render the initial injunction ineffective" and so the court had jurisdiction to consider the motion seeking "to preserve the Court's ability to grant effective relief and to maintain the force of the Court's prior order"). Courts, indeed, regularly reevaluate and refine the need and content of injunctive relief over the course of a case. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (multiple concurrent injunctions permissible); *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (same); *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *4 (11th Cir. Apr. 15, 2022) (successive injunctions proper); *RLI Ins. Co. v. Nexus Servs. Inc.*, 470 F. Supp. 3d 564, 576 (W.D. Va. 2020) (granting second preliminary injunction where additional facts were discovered thanks to enforcement of

the first preliminary injunction); *In re Microsoft Corp. Antitrust Litig.*, 237 F. Supp. 2d 639 (D. Md. 2002) (noting grant of second preliminary injunction on the basis of new facts); *see also Roe v. Dep't of Def.*, 947 F.3d 207, 231 (4th Cir. 2020) ("[I]t is well established . . . that a federal district court has wide discretion to fashion appropriate relief in a particular case." (quoting *Richmond Tenants Org., Inc. v. Kemp*, 956 F.2d 1300, 1308 (4th Cir. 1992)). Defendants' position that Plaintiffs have one, and only one, opportunity to seek emergency relief from imminent, ongoing, and irreparable harm, no matter the circumstances or the law, is both novel and unsupported by any case law.

## CONCLUSION

Plaintiffs respectfully request the Court grant their motion to vacate the preliminary injunction, as clarified, without prejudice, as soon as possible.

Respectfully submitted,

/s/ J. Sterling Moore

Niyati Shah*
Noah Baron*
Alizeh Ahmad*
**Asian Americans Advancing Justice | AAJC**
1620 L Street NW, Suite 1050
Washington, DC 20036(202) 296-2300
nshah@advancingjustice-aajc.org
nbaron@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

J. Sterling Moore*
Ananda V. Burra (Bar No. 31438)
Brooke Menschel (Bar No. 31492)
Aleshadye Getachew (Bar No. 31439)
Victoria S. Nugent (Bar No. 15039)
Audrey Wiggins*
Orlando Economos*
Skye Perryman*
**Democracy Forward Foundation**
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
aburra@democracyforward.org
agetachew@democracyforward.org
vnugent@democracyforward.org
awiggins@democracyforward.org
bmenschel@democracyforward.org
smoore@democracyforward.org
oeconomos@democracyforward.org

sperryman@democracyforward.org

\* admitted *pro hac vice*

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system and all attachments will be sent electronically on April 2, 2025, to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /s/ J. Sterling Moore

                                        J. Sterling Moore