**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NATIONAL ASSOCIATION OF DIVERSITY
OFFICERS IN HIGHER EDUCATION, *et al.*,

    *Plaintiffs,*

    v.

DONALD J. TRUMP, *et al.*,

    *Defendants.*

Case No. 25-cv-333-ABA

**MEMORANDUM OPINION AND ORDER ON**
**PLAINTIFFS' MOTION TO STAY**

Plaintiffs filed this case in February 2025, challenging the constitutionality of three provisions of two executive orders. ECF No. 1. This Court granted in part Plaintiffs' motion to preliminarily enjoin the challenged provisions. ECF Nos. 44, 45. The Fourth Circuit vacated the preliminary injunction and remanded the case back to this Court. ECF Nos. 92, 96; *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 167 F.4th 86 (4th Cir. 2026). Following remand, the parties jointly moved to stay the case until April 17, 2026, while they considered next steps. ECF Nos. 93, 95 (order granting stay).

On the day that joint stay expired, Plaintiffs moved to further stay the case. Plaintiffs pointed to a proposal by the General Services Administration (GSA) to "align" certain obligations imposed upon federal grant recipients with, among other standards, the certification provision in Executive Order No. 14,173. ECF No. 97 at 3. Plaintiffs contend that the proposed rule "could gravely affect Plaintiffs' missions and ability to deliver services," giving rise to a potential as-applied challenge. *Id.* at 5. They further contend that a July 29, 2025, memorandum issued by the Attorney General entitled *Guidance for Recipients of Federal Funding Regarding Unlawful Discrimination* "raises as a significant possibility that federal agencies, in administering Executive

1

Order 14,173, will go well beyond merely enforcing current antidiscrimination law." *Id.* at 4. Plaintiffs argue that, given the possibility that GSA will issue such a rule, and the possibility that Plaintiffs will seek to amend the complaint in this case to present an as-applied challenge, and because "the constitutional issues raised by such a challenge would presumably be closely related to those the Court has already examined in this case," the Court should stay this case pending GSA's issuance of the final rule and Plaintiffs' decision whether to challenge it. *Id.* at 5–6.

Defendants oppose the motion for stay (ECF No. 102) and have separately filed a motion to dismiss (ECF No. 101). Defendants contend that Plaintiffs have not justified a stay because, among other things, GSA is not a defendant agency in this case; the parties' agreement in this case for a stay through April 17 was reached "after the GSA Notice [ECF No. 97-1] was already issued on January 28, 2026"; the requested stay is "overbroad" because it seeks a stay "until some undefined point in the future when the GSA adopts a certification requirement, which *may* give rise to an as-applied claim"; "any claim arising out of some future GSA action is only tangentially related to Plaintiffs' facial claims to the Executive Orders"; and in any event "it is unclear if the GSA will *ever* adopt a requirement that would lead to the consequences feared by Plaintiffs." ECF No. 102 at 4–6. Defendants also point out that "denying Plaintiffs' Opposed Stay Motion would not prevent Plaintiffs from asserting any as-applied claims in the future." *Id.* at 7.

Plaintiffs did not file a reply brief in support of a stay. An overlapping group of Plaintiffs, however, filed a new case on April 20, challenging a different executive order: a March 26, 2026 Executive Order (No. 14,398) entitled *Addressing DEI Discrimination by Federal Contractors*, 91 Fed. Reg. 16,147 (Mar. 31, 2026). *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, Case No. 26-1532-ABA, ECF No. 1 (D.

Md.) ("NADOHE II"). All parties agree that that case should remain separate, and should not be consolidated with this case. ECF No. 103.

"A 'District Court has broad discretion to stay proceedings.'" *Sierra Club v. Nat'l Marine Fisheries Serv.*, 711 F. Supp. 3d 522, 532 (D. Md. 2024) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). But this discretionary power "is not . . . without limitation." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The Court "must weigh competing interests and maintain an even balance," and "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (quotations omitted). Courts in this district considering a motion to stay look to three factors: "(1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018). "[S]tays for an indefinite duration are disfavored." *United States for Use of Precision Air Conditioning of Brevard, Inc. v. Cincinnati Ins. Co.*, 533 F. Supp. 3d 290, 298 (E.D. Va. 2021).

Applying these standards, the Court will deny Plaintiffs' motion to stay. Plaintiffs' potential challenge to the final GSA rule would be different from the case here in multiple respects, including that Plaintiffs predict it would be an as-applied challenge, rather than a facial one, and GSA is not a defendant in this case. If Plaintiffs wish to challenge the eventual GSA final rule, the interests of judicial economy would be better served by Plaintiffs filing a new case, as they have already done in *NADOHE II*. The

3

denial of a stay will not prejudice their ability to do so. Further, while Plaintiffs propose updating the Court within 30 days of GSA's issuance of the final rule, the anticipated date of issuance is not clear. Plaintiffs have not met their burden to justify a stay, especially one of indefinite duration.

Accordingly, the Court ORDERS as follows:

1. Plaintiffs' motion to stay (ECF No. 97) is DENIED;

2. The stay in this case is hereby LIFTED;

3. Plaintiffs shall file an opposition to Defendants' motion to dismiss by June 26, 2026.

Date:  May 27, 2026

_____/s/_____
Adam B. Abelson
United States District Judge