**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| National Association of Diversity Officers in Higher Education, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Donald J. Trump, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Civil Action No. 1:25-cv-333-ABA |

**PLAINTIFFS' NOTICE OF
VOLUNTARY DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs National Association of Diversity Officers in Higher Education ("NADOHE"), American Association of University Professors ("AAUP"), and the City of Baltimore hereby give notice that they voluntarily dismiss this action without prejudice. Plaintiffs voluntarily dismiss this case without prejudice in light of specific representations made by the government to the United States Court of Appeals for the Fourth Circuit about the narrow scope of the Executive Orders challenged in this case and the decision of the Fourth Circuit accepting those representations and recognizing that narrow scope.

Defendants have neither filed an answer to Plaintiffs' complaint nor moved for summary judgment. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that in such a situation, a plaintiff may voluntarily dismiss their case without leave of court. A voluntary dismissal under this subsection is without prejudice, unless the notice states otherwise. Fed. R. Civ. P. 41(a)(1)(B).

In support of their notice, Plaintiffs state:

1

1. On February 3, 2025, Plaintiffs challenged two Executive Orders signed on the first two days of President Trump's second term: Executive Order 14151, "*Ending Radical Government DEI Programs and Preferencing*," ("J20 Order"), and Executive Order 14173, "*Ending Illegal Discrimination and Restoring Merit-Based Opportunity*," ("J21 Order").

2. Plaintiffs alleged that the challenged Orders included provisions designed and intended to, and did, chill free speech on matters of political import because the President disagreed with that speech. *See, e.g.*, Compl., ECF 1 at ¶¶ 7, 12, 13, 102, 135, 142, No. 25-cv-333 (D. Md. Feb. 3, 2025).

3. On February 21, 2025, this Court issued a preliminary injunction prohibiting Defendants from implementing provisions of the Orders. *See* Mem. Op., ECF 44, No. 25-cv-333 (D. Md. Feb. 21, 2025).

4. In concurring with the decision to stay the injunction pending appeal, Chief Judge Diaz explained that "all Americans should be able to freely consider how to continue empowering historically disadvantaged groups." Order, ECF 29 at 5, No. 25-1189 (4th Cir. Mar. 14, 2025) (Diaz, C.J., concurring).

5. On full briefing, the Fourth Circuit vacated the preliminary injunction based in part on its understanding—and Defendants' representations—that the Orders represent a much narrower exercise of power than the Administration's rhetoric surrounding them reflected. *See NADOHE v. Trump*, 167 F.4th 86, 93–94, 101 (4th Cir. 2026) ("The Termination Provision, on its face, doesn't . . . regulate private conduct."); *id.* at 103 ("The [Certification] Provision requires only that plaintiffs certify compliance with federal antidiscrimination laws[.]"); *see also* Order, ECF 29 at 7, No. 25-1189 (4th Cir. Mar. 14, 2025) (Harris, J., concurring) ("The Executive Orders do not purport to establish the illegality of all efforts to advance diversity, equity or inclusion, and

they should not be so understood."); *contra, e.g.*, Emergency Mot. for Status Conference Regarding Prelim. Inj. Compliance, Ex. B, ECF 68-3 at 3, No. 25-cv-333 (D. Md. Mar. 13, 2025) (quoting Housing and Urban Development Secretary Scott Turner's statement that "DEI is dead at HUD" and that HUD would "not provide funding to any program or grantee that does not comply with President Trump's executive orders").

6.      In doing so, the Fourth Circuit agreed with this Court that NADOHE, AAUP, and the City of Baltimore all had standing to challenge both the Termination Provision, J20 Order § 2(b)(i), and the Certification Provision, J21 Order § 3(b)(iv)(B), in part because they faced a "lose-lose-lose choice" between changing their programming, certifying to the Orders' terms, and forgoing federal funds. 167 F.4th at 98.

7.      Defendants' representations to the Fourth Circuit included an assurance that the "Termination Provision is not a law, and it does not prohibit private conduct; it merely reflects the government's own determinations about how to exercise its authority." Reply in Supp. of Mot. for Stay Pending Appeal, ECF 24, *NADOHE v. Trump*, No. 25-1189 (4th Cir. Mar. 12, 2025).

8.      Similarly, Defendants acknowledged that the Certification Provision "is just a directive to the agencies to go out there and come up with a compliance requirement" that may or may not include the J20 Order's language verbatim. Oral Argument Tr., ECF 46 at 72:19–23, No. 25-cv-333 (D. Md. Feb. 22, 2025).

9.      Defendants also conceded that the Termination Provision "is not the regulation" but is instead "the President directing agencies how to exercise their preexisting authorities." Oral Argument Tr. at 5:22–42, *NADOHE v. Trump* (4th Cir Sept. 11, 2025), https://perma.cc/3QBZ-HBE2.

10.     And Defendants conceded that the Termination Provision does not direct federal agencies to terminate any grant based on grantees' non-grant-related activity. *See id.* at 7:09–51.

11.     Defendants represented that the Certification Provision "is repetitive of" other certifications requiring compliance with preexisting antidiscrimination law, *id.* at 12:12–27, that nothing in the Certification Provision "purports to change in any way the scope of those civil rights laws," *id.* at 12:59–13:05, that "[o]f course the label [DEI] doesn't make [conduct] unlawful," *id.* at 12:47–59, that it would be unreasonable to think "the government's going to come after anything labeled DEI and say it's illegal," *id.* at 15:25–38, and that there is "'absolutely' DEI activity that falls comfortably within the confines of the law," *NADOHE*, 167 F.4th at 104 (Diaz, C.J., concurring) (quoting Defendants' representations at oral argument).

12.     In Defendants' most recent filing, they similarly represent that the Certification Provision "does not impose a *new* requirement on recipients—it merely requests that recipients certify that they are honoring their preexisting obligations to abide by anti-discrimination laws in operating any DEI programs." ECF 101-1 at 3.

13.     Defendants also represented that "any good-faith uncertainty about the meaning of federal antidiscrimination laws would be a complete defense to any False Claims Act action." Reply Br., ECF 66 at 26, *NADOHE v. Trump*, No. 25-1189 (4th Cir. May 29, 2025).

14.     The Fourth Circuit's decisions were largely dependent on these representations. The Court confirmed that "the Termination Provision . . . is nothing more than 'an outward-facing' policy directive from the President to his agents" that "doesn't terminate any contracts, nor does it directly regulate non-governmental conduct," and that the Certification Provision "requires only that plaintiffs certify compliance with federal antidiscrimination laws." 167 F.4th at 101–103; *see also* ECF 29 at 4 n.1 (Diaz, C.J., concurring) (highlighting that the implementation of the orders

4

"may well implicate cognizable First and Fifth Amendment concerns"); *id.* at 5 (noting that those who "work to promote diversity, equity, and inclusion deserve praise, no opprobrium").

ACCORDINGLY, Plaintiffs voluntarily dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

June 26, 2026                                    /s/ *Brooke Menschel*

Niyati Shah (Bar No. 31526)                      Brooke Menschel (Bar No. 31492)
Noah Baron*                                      J. Sterling Moore (Bar No. 31562)
Alizeh Ahmad*                                    Audrey Wiggins (Bar No. 31620)
**Asian Americans Advancing Justice | AAJC**     Skye Perryman (Bar No. 31707)
1620 L Street NW, Suite 1050                     **Democracy Forward Foundation**
Washington, DC 20036                             P.O. Box 34553
(202) 296-2300                                   Washington, D.C. 20043
nshah@advancingjustice-aajc.org                  (202) 448-9090
nbaron@advancingjustice-aajc.org                 bmenschel@democracyforward.org
aahmad@advancingjustice-aajc.org                 smoore@democracyforward.org
                                                 awiggins@democracyforward.org
                                                 sperryman@democracyforward.org

                                                 * admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically on June 26, 2026, to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Brooke Menschel*

*Counsel for Plaintiffs*

6